HARDY, Judge.
This tort action was instituted by the father of the minor, Douglas Glen Cotton, seeking the recovery of damages allegedly resulting from negligence of a teacher-employee of defendant, Bossier Parish School Board. Suit was instituted under authority of Act 189 of 1958 authorizing its institution and waiving immunity of defendant from suit, together with any plea of accrued prescription. The minor son of the original plaintiff, becoming of age prior to trial, was substituted as a party plaintiff in his own right. From a judgment sustaining an exception of no cause and no right of action and dismissing their suit, the plaintiffs prosecute this appeal;
The exception interposed on behalf of defendants sets forth a number of grounds upon which it is predicated, but we find it unnecessary to look beyond the averments that; (1) the defendant school board is an agency of the State of Louisiana which cannot be held liable in tort, and (2) if the Act, under the authority of which this suit was instituted, purported to admit li *683 ability, the same is unconstitutional, null and void on the ground that it transcends the authority granted the Legislature by Section 35 of Article III and Section 26 (7) of Article XIX of the Constitution of 1921, L.S.A.
The above issues were conclusively disposed of by the Supreme Court in Duree v. Maryland Casualty Co., 238 La. 166, 114 So.2d 594, in which the Supreme Court held that an act of the Legislature authorizing a suit, though effective in waiving the traditional immunity of the sovereign authority of the State from suit, did not serve to waive the State’s immunity to liability. This principle was squarely applied to actions against Parish School Boards and the immunity of such agency from tort liability was specifically declared by the Supreme Court in Stephens v. Natchitoches Parish School Board, 238 La. 388, 115 So.2d 793.
Notwithstanding the fact that the briefs of counsel for both parties plaintiff and defendant are exclusively concerned with other grounds asserted in the exception, in view of the fact that the issues above noted were raised by the exceptions and are sufficient in themselves to determine the matter, we can discern no reason for considering other questions related to the sufficiency of the petition.
Despite the fact that we may disagree with the pronouncement of the Supreme Court, it must be borne in mind that, while we are not required to concede the omniscience of that tribunal, we are obliged to yield to the omnipotence of its pronouncements.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.