TATE, Judge.
The state Department of Highways appeals from judgment awarding plaintiff-ap-pellee the sum of $4,000. Pursuant to legislative authorization conferred by Act 282 of 1958, the plaintiff filed this suit to recover damages for personal injuries allegedly resulting from the negligent performance of his duties by a bridge tender employed by the defendant agency.
On June 1, 1959, four days before the trial court judgment in the present suit, our Supreme Court rendered its decision in Duree v. Maryland Cas. Co., 238 La. 166, 114 So.2d 594, which held that an act of the legislature authorizing a suit, although effective in waiving the traditional immunity of the state to suit, did not waive the state’s immunity from liability.
Based upon this decision, the defendant Department on June 4, 1959 again filed an exception of no cause of action by which it re-urged its contention that the State of *926 Louisiana and its agencies, including the defendant Department, are immune from any tort liability founded upon the negligent acts of its employees, despite any legislative waiver of immunity to suit. The judgment below was nevertheless rendered, since the Duree decision was not at that time final.
The sole basis of this appeal is the defendant’s contention that under the Duree decision appellant, as a state agency, is immune from liability for the negligence of its employees.
The state Supreme Court’s interpretation of a provision of our state constitution is of course binding upon the inferior tribunals of Louisiana. The exception of no cause of action must therefore be sustained, and the plaintiff’s suit dismissed. See Cotton v. Bossier Parish School Board, La. App. 2 Cir., 117 So.2d 682, 683.
In an effort to avoid the effect of the Duree decision, the astute counsel for the plaintiff-appellee urges that the judgment below was rendered as the result of an agreement of the attorneys representing the State to the effect that (in view of the clear negligence of the state employees) they would consent to judgment in this reduced amount in order to save the State from the expenses of the litigation and from a higher award. Counsel points out that, prior to the Duree decision by the Supreme Court, it has been consistently held by our courts that the legislature was empowered to waive the state’s immunity from tort liability by Article 3, Section 35, Louisiana Constitution, LSA; and that, although this view of the law proved to be erroneous, under LSA-Civil Code Article 1846(2) “A contract, made for the purpose of avoiding litigation, cannot be rescinded for error of law”.
Despite such ably-argued contention, the record before us does not reflect that the judgment was awarded as the result of any binding agreement. Rather, it shows that the judgment was rendered as the result of a short trial at which the negligence of the state employees and the injuries to the plaintiff were proved, and at which it was stipulated that the amount of any damages to be awarded would be $4,-000.
Although we are familiar with the commendable efforts of counsel for state agencies, in some cases where there has been clear negligence on the part of state employees, to stipulate to a lesser figure of damages in order to save the State from the expense of protracted proceedings and from a greater award, we cited to no authority, nor is any claimed, by which state employees are entitled to enter into binding contracts of compromise of such litigation; nor does the record reflect that such was done. We are thus unable to accede to the plaintiff-appellee’s persuasive contentions.
For the foregoing reasons, the judgment appealed is reversed and the present suit dismissed.
Reversed.