KLEES, Judge.
The plaintiff, Janice G. Smith, brought suit against Philip C. Creger,[1] Orleans Electric, Inc., United States Fidelity and Guaranty Company, James C. Ferguson and Aetna Life and Casualty Company, on behalf of herself and her minor child Johnathan Clark, for injuries which they received in two separate auto accidents.. The defendants, James Ferguson and Aetna, excepted to the suit against them based on the lack of Janice Smith’s procedural capacity to assert the claim on behalf of her child, improper cumulation of actions, failure to state a cause of action, and improper venue. The trial judge rendered judgment in favor of the defendants and dismissed the suit as to them. It is from this judgment that the plaintiff appeals. The issues on appeal are 1) whether the trial court erred in dismissing Ferguson and Aetna from the second and third causes of action of the petition; 2) whether the trial court erred in finding improper venue as to those defendants; and 3) whether the actions were improperly cumulated. For the following reasons, we affirm the judgment of the trial court.
The plaintiff, in her petition, attempts to assert three causes of action. The first concerns an automobile accident on May 15, 1983 in St. Bernard Parish, in which the plaintiff and her child were injured as a result of the alleged negligence of Philip Creger. Creger is domiciled in St. Bernard Parish. Plaintiff also sued Creger’s alleged employer, Orleans Electric, which is domiciled in Orleans Parish, and its insurer, United States Fidelity and Guaranty Company. The second accident sued upon occurred in East Baton Rouge Parish between the plaintiff and Ferguson. Plaintiff, also sued Ferguson’s insurer, Aetna. In the plaintiff’s third “cause of action,” she prayed that “in the event the injuries, disabilities and/or damages suffered by her and her child were so jointly, contributing, concurring and/or compounding in causation as to preclude division among the defendants, that they be cast in judgment jointly and in solido in favor of the plaintiff.” The plaintiff filed her suit in the Civil District Court for the Parish of Orleans.
From our review of the record, we cannot find that the plaintiff has at any time qualified as natural tutrix in order to *218 institute suit on behalf of her minor child as required by Code of Civil Procedure Article 683. Therefore, the trial court was correct in its granting of the exception of lack of procedural capacity in favor of the defendants, Ferguson and Aetna.
The defendants also excepted to the improper cumulation of the actions asserted in the plaintiffs petition. The first two causes of action sued upon are entirely separate automobile accidents occurring approximately eight months apart and with domiciliaries of two different parishes. Code of Civil Procedure Article 463 governs the cumulation of actions involving two or more parties as either plaintiffs or defendants. It says,
Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative.
The article requires that all of the elements be met in order to cumulate such actions. In this case, the plaintiff contends that there is a community of interest, but has not been able to overcome the venue requirement of C.C.P. Art. 463. Even if the suit on the May 1983 accident could be properly brought in Orleans Parish, that Parish is not the proper venue for an East Baton Rouge Parish defendant. Code of Civil Procedure Article 42(1) requires that an action against an individual who is domiciled in the state be brought in the parish of his domicile. C.C.P. Art. 42(7) requires that an action against a foreign or alien insurer shall be brought in East Baton Rouge Parish. Therefore, East Baton Rouge Parish would be the proper venue for Ferguson and Aetna. The plaintiff, in addition, had available to her C.C.P. Art. 74, which is an exception to C.C.P. Art. 42. That article would allow her to sue for the recovery of damages for an offense or quasi-offense in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. The October 1982 accident and resulting damages occurred in East Baton Rouge; therefore, Orleans Parish is again improper as to these defendants.
The plaintiff attempts to have the defendants cast in judgment as solidary obligors in her third “cause of action,” thereby creating another exception to C.C.P. Art. 42. C.C.P. Art. 73 provides that an action against joint or solidary obli-gors may be brought in any parish of proper venue under Article 42, as to any obligor who is made a defendant. We agree with the trial court’s finding that the plaintiff stated no facts which would create solidary liability among the defendants joined in this suit.
The plaintiff has not been able to establish that the Orleans Parish venue selected is proper as to the defendants, James Ferguson and Aetna Life and Casualty Company; accordingly, the judgment of the trial court dismissing Ferguson and Aetna from the plaintiff’s suit is hereby affirmed. Costs are to be borne by the appellant.
AFFIRMED.

. While in the style of the petition, the name of one of the defendants is referred to as Philip G. Kreeger, within the body of the petition he is referred to as Philip C. Creger.