504 So.2d 1082 (1987)
R.J. D'AGOSTINO, et al (Class Action)
v.
The CITY OF BATON ROUGE, et al.
No. CA 86 0797.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
*1083 Curtis K. Stafford, Jr., Baton Rouge, for the Class of Owners, etc.
Stephen R. Wilson, Baton Rouge, for the City of Baton Rouge, et al.
Before GROVER L. COVINGTON, C.J., and EDWARDS, LANIER, ALFORD and Le BLANC, JJ.
ALFORD, Judge.
Plaintiff, R.J. D'Agostino, appeals the dismissal of his petition for a writ of mandamus against Consolidated Garbage Service District # 1, a political subdivision of the state of Louisiana created by the Metropolitan Council for the Parish of East Baton Rouge. Mr. D'Agostino claims a writ of mandamus should issue to order the Metropolitan Council, as governing authority of the parish, to provide and maintain garbage collection in the rural area comprising Consolidated Garbage Service District #1. He serves as representative member of the class of owners of certain multi-family residential buildings located in this district where garbage collection has been discontinued.
The trial court certified the proceeding as a class action but dismissed plaintiff's petition for a writ of mandamus, finding no mandatory or ministerial duty owed by the Metropolitan Council to provide garbage collection in this district. We disagree and now reverse the trial court's dismissal of plaintiff's petition.

LAW
La.C.C.P. art. 3861 defines "mandamus" as a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in arts. 3863 and 3864. A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La.C.C.P. art. 3862. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. La.C.C.P. art. 3863.
It is well settled that mandamus will lie to compel performance of prescribed duties that are purely ministerial and in which no element of discretion is left to the public officer. There must be a clear and specific legal duty which ought to and can be performed. Felix v. St. Paul *1084 Fire and Marine Ins. Co., 477 So.2d 676, 682 (La.1985).
La. Const. of 1974, art. VI, section 4, ratified home rule charters or plans of government in effect at the time the constitution was adopted. The Metropolitan Council adopted a plan of government of the Parish of East Baton Rouge and City of Baton Rouge on August 12, 1947, which plan has since been amended a number of times by the electors. Section 1.08 divides the parish into three areas: urban, industrial, and rural. Subsection (c) defines "rural area" as "that portion of the parish not included in either the urban or the industrial areas," and provides that "garbage and refuse collection and disposal ... shall not be provided by the parish in the rural area except through the medium of districts established by the governing body of the parish ..." (emphasis added).
The Louisiana Constitution thus authorizes the City-Parish of Baton Rouge to create garbage districts. Ordinance 4703, adopted on September 22, 1976, consolidated the boundaries of Consolidated Garbage District # 1 and Consolidated Garbage District # 3 to establish and create Consolidated Garbage Service District # 1 of the Parish of East Baton Rouge. Plaintiffs herein are located in this district. This ordinance states in section 3 that "the consolidated special service district herein provided for shall continue the garbage collection services and operation and development of garbage collection facilities heretofore authorized by the voters to be undertaken by Consolidated Garbage Districts Nos. 1 and 3." (emphasis added).
The word "shall" in a statute or ordinance generally denotes a mandatory duty. See Ray v. South Central Bell Telephone Company, 315 So.2d 759, 761 (La. 1975). It is presumed that every word, sentence, or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Bunch v. Town of St. Francisville, 446 So.2d 1357 (La. App. 1st Cir.1984).
Section 1.08(c) of the plan of government says "garbage and refuse collection and disposal ... shall not be provided by the parish in the rural area except through the medium of districts...." (emphasis added). The converse of the latter provision is that garbage and refuse collection and disposal shall be provided when there are districts. This section thus brings into effect a mandatory duty when there is a district, and Ordinance 4703 created the district in question here. Ordinance 4703 also provides that this district "shall continue the garbage collection services...." (emphasis added).
The trial court found that no ministerial or mandatory duty exists on the part of the Metropolitan Council to provide garbage collection in this district. It further held that even if such a duty existed, Ordinance 8074, which became effective December 11, 1985, removed the duty. Ordinance 8074 amended certain sections of Title 6 of the Code of Ordinances for the City of Baton RougeParish of East Baton Rouge to enable the City-Parish to enter into private contracts for the collection of garbage and other waste matter. It provides in part that the terms and conditions of a private contract, should one be entered into, would take precedence over the provisions of these sections. This ordinance further states in section 19 that "[a]ll ordinances or parts of ordinances in conflict herewith are hereby repealed."
Title 6, section 414 provides:
All garbage, refuse and rubbish accumulated in the city-parish or within the limits of any legally created and existing garbage district shall be collected, conveyed and disposed of by the city-parish, under the supervision of the director. No person shall collect, convey over any of the streets, alleys or public rights-of-way of the city-parish or within the limits of any such legally created and existing garbage district, or dispose of, any garbage, refuse, or rubbish accumulated in the city-parish or in the garbage district, except as provided herein.
The issue thus narrows to whether Ordinance 8074 repealed Ordinance 4703 and *1085 Title 6. The plan of government remains unaffected since section 11.09 provides it can only be amended by a vote of the people. Section 1.08(c) of the plan of government, Ordinance 4703, and Title 6, section 414 set forth the ministerial duty previously discussed to provide garbage collection in garbage districts. Ordinance 8074 merely allows the City-Parish to enter into private contracts that would prevail over Title 6 and repeals all ordinances in conflict with it.
The general rule is that when later acts do not specifically repeal earlier statutes on the same subject matter, they have the effect of superseding such prior laws only insofar as the provisions of the earlier acts are in conflict with the later expression of the legislative will. Gorham v. Mathieson Alkali Works, 210 La. 462, 27 So.2d 299, 304 (1946); Macon v. Costa, 437 So.2d 806, 811 at footnote 7 (La.1983). We cannot read the blanket repeal of all ordinances in conflict with Ordinance 8074 to include abolishing all garbage districts and removing the duty imposed by law to provide garbage collection in them, although the Metropolitan Council as governing authority of garbage districts has the power to do so. Therefore, even if the private contract presently in effect governs over Title 6 and excludes garbage collection in Consolidated Garbage Service District # 1, the district still remains a "legally created and existing garbage district" toward which a duty to provide garbage collection is owed under section 1.08(c) of the plan of government and Ordinance 4703.
The Metropolitan Council may not escape its ministerial duty to provide garbage collection in a garbage district simply by authorizing itself to enter into a private contract. The validity of this district and the duty imposed by prior law to provide garbage collection in the district remain unaffected by such a contract. The Metropolitan Council still has a ministerial duty to provide garbage collection in a garbage district regardless of its location, whether it be by the City-Parish itself or a private disposal service. We, however, are not deciding in what manner or how often garbage shall be disposed, only if it shall be disposed in the district. We do not decide that such a duty exists toward those residents outside the city limits who are not within a garbage district.
We therefore find that a ministerial duty exists on the part of the Metropolitan Council for the City-Parish of Baton Rouge to provide and maintain garbage collection in Consolidated Garbage Service District # 1. Accordingly, the judgment of the trial court that recalled, vacated, set aside and dismissed plaintiff R.J. D'Agostino's petition for a writ of mandamus is reversed, and a writ of mandamus is hereby issued against defendant, Consolidated Garbage Service District # 1, through its governing authority, the Metropolitan Council for the Parish of East Baton Rouge, to provide and maintain garbage collection in Consolidated Garbage Service District # 1.
All costs of this appeal are assessed against defendant-appellee, Consolidated Garbage Service District # 1, through its governing authority, the Metropolitan Council for the Parish of East Baton Rouge, in the amount of $934.52.
REVERSED AND RENDERED.
LeBLANC, J., concurs with reasons.
LANIER, J., concurs for the reasons assigned by LeBLANC, J.
LeBLANC, Judge, concurring.
We note the following language in Sec. 6:401, Definition (Parish) of the Code of Ordinances for the City of Baton Rouge-Parish of East Baton Rouge, provides in part as follows:
"Should the City of Baton Rouge and Parish of East Baton Rouge enter into a contract with a private contractor for the collection and disposal of garbage, trash, bulky waste and litter, then the terms and conditions of that contract shall take precedence over the provisions of this section including but not limited to the definitions of all items of said contract."
Sec. 6:414 reads as follows:
"All garbage, refuse and rubbish accumulated in the city-parish or within the limits of any legally created and existing *1086 garbage district shall be collected, conveyed and disposed of by the city-parish, under the supervision of the director. No person shall collect, convey over any of the streets, alleys or public rights-of-way of the city-parish or within the limits of any such legally created and existing garbage district, or dispose of, any garbage, refuse, or rubbish accumulated in the city-parish or in the garbage district, except as provided herein. Nothing herein shall prevent the City of Baton Rouge and Parish of East Baton Rouge and the Department of Public Works from entering into a contract with a private contractor for the collection and disposal of garbage, trash, bulky waste, and litter, when authorized to do so by the Metropolitan Council and the Mayor-President of the Parish of East Baton Rouge and City of Baton Rouge."
Section 19 provides "All ordinances or parts of ordinances in conflict herewith are repealed."
We find that Sec. 6:414 requires the Department of Public Works to collect and dispose of all garbage in the garbage district. A contract entered into by the Parish of East Baton Rouge for the private collection of some garbage in the district does not and cannot relieve the department of its mandatory obligation of collecting all garbage. The language of Sec. 6:401 cited above does not relieve the Department of Public Works of its obligations contained in Sec. 6:414.