582 So.2d 978 (1991)
Mary T. SANCHEZ
v.
Terry SANCHEZ, Brenda Sanchez, Norman J. Sanchez, Sr. and Maryanne C. Sanchez.
No. CA 90 0566.
Court of Appeal of Louisiana, First Circuit.
June 27, 1991.
Sidney Marchand, Donaldsonville, for plaintiff-appellant.
Robert Sternfels, Napoleonville, for defendants.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
COVINGTON, Chief Judge.
Mary Tempanero Sanchez, plaintiff-appellant, has appealed the trial court's judgment sustaining the peremptory exception raising the objection of prescription based on La.R.S. 9:5630 and dismissing her suit. For the following reasons, we affirm.
Antoine Sanchez was one of twelve children born of the marriage of Theogene and Angelique Sanchez. Theogene died in May, 1935. Aldwin, Antoine's son and Theogene's grandson, was the father of two of the defendants, Terry and Brenda Sanchez. Aldwin died in March, 1961. In August, 1974, Angelique died and in November, 1975, Antoine, died. The succession of Theogene and Angelique was judicially opened and a Judgment of Possession was rendered on May 22, 1978. (See Appendix "A" for a diagram of the individuals and events pertinent to this case.) This Judgment of Possession recognized Terry and Brenda Sanchez as two of the sole surviving heirs of Theogene and Angelique, and sent them into possession of an undivided one-twenty-fourth (1/24) interest in the property belonging to the decedents, and an undivided one-forty-eighth (1/48) interest *979 in the immovable property described as Tract # 1 in the Detailed Descriptive List filed with the succession proceedings.
On February 15, 1979, Terry and Brenda Sanchez sold their interest in the property received from the succession of Theogene and Angelique to Norman and Maryanne C. Sanchez. On January 23, 1986, Mary Tempanero Sanchez filed a petition for Probate of the Will of Antoine Sanchez. The will was dated September 13, 1969, and bequeathed to Mary T. Sanchez an undivided one-half (½) interest in all of the property that Antoine owned at the date of his death. The remaining undivided one-half (½) interest was bequeathed to Terry and Brenda, Antoine's grandchildren.
Based on this will, Mary T. Sanchez alleges an interest in the property inherited by Terry and Brenda and then sold by them to Norman and Maryanne C. Sanchez. Plaintiff seeks to annul a portion of the Judgment of Possession from Theogene and Angelique's succession recognizing Terry and Brenda Sanchez as heirs and to amend that Judgment of Possession to recognize her alleged one-half interest in any property inherited by Antoine from Theogene and Angelique.
The trial court dismissed defendants' peremptory exception raising the objection of prescription based on La.Code of Civil Procedure Article 2893[1], which provides for a five year prescriptive period from the date of the judicial opening of the succession for the probate of a will. The defendants then brought the peremptory exception raising the objection of prescription based on La. R.S. 9:5630. This exception was sustained and plaintiff has appealed.
La.R.S. 9:5630 provides, in pertinent part:
A. An action by a person who is a successor of a deceased person, and who has not been recognized as such in the judgment of possession rendered by a court of competent jurisdiction, to assert an interest in an immovable formerly owned by the deceased, against a third person who has acquired an interest in the immovable by onerous title from a person recognized as an heir or legatee of the deceased in the judgment of possession, or his successors, is prescribed in two years from the date of the finality of the judgment of possession.
* * * * * *
C. "Third person" means a person other than one recognized as an heir or legatee of the deceased in the judgment of possession.
The trial court, in its reasons for judgment, stated in the instant case, the "deceased person" referred to in section A was Theogene and Angelique, that Norman and Maryanne C. Sanchez qualified as "third persons" and that plaintiff's action had prescribed. Plaintiff assigns as error the determination that "deceased persons" refer to Theogene and Angelique, arguing that the statute is unclear. Mary T. Sanchez alleges "deceased persons" could be either Theogene and Angelique or Antoine or Aldwin. Because plaintiff asserts that this language is ambiguous and subject to several reasonable interpretations, she seeks to have the judgment sustaining defendants' exception reversed.
Courts have the duty to interpret laws as legislated and, when possible, to honor the clear meaning of a statute as revealed by its language, purpose, and history. Dumas v. Jetson, 446 So.2d 747 (La. App. 1 Cir.1983), writ granted in part and remanded, writ denied in part, 445 So.2d 424 (La.1984). Before the 1987 Revision of the Preliminary Title of the Louisiana Civil Code, the rules of interpretation of laws were contained in Articles 13 through 21[2]. These rules included:

*980 Article 13. When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit.
Article 16. Where the words of a law are dubious, their meaning may be sought by examining the context with which the ambiguous words, phrases and sentences may be compared, in order to ascertain their true meaning.
In addition, La.R.S. 1:3 directs, when interpreting Revised Statutes:
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language.
It is presumed that every word, sentence, or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. D'Agostino v. City of Baton Rouge, 504 So.2d 1082 (La. App. 1 Cir.1987). La.R.S. 9:5630 governs any action by a person claiming to be a successor of a deceased person, seeking to assert an interest in immovable property acquired from a person recognized as an heir or legatee in a judgment of possession. The prescriptive period is applicable to actions which attempt to affect a judgment of possession. Contrary to plaintiff's assertions, there is no ambiguity in the interpretation of the statute. In the instant case, the only judgment of possession rendered was from the succession of Theogene and Angelique. The "deceased person" must be the person for whose succession the judgment of possession was rendered. Plaintiff clearly states in her petition she seeks to annul and amend the judgment of possession rendered in the succession of Theogene and Angelique. La.R.S. 9:5630 explicitly limits the time for bringing such action. The judgment of possession in the Succession of Theogene and Angelique was rendered May 22, 1978. Mary T. Sanchez's action to annul and amend this judgment was filed on February 2, 1987. The action had prescribed. The exception was properly sustained.
Costs of this appeal are assessed to plaintiff.
AFFIRMED.

APPENDIX A

NOTES
[1] La.Code of Civil Procedure Article 2893 provides:

No testament shall be admitted to probate unless a petition therefor has been filed in a court of competent jurisdiction within five years after the judicial opening of the succession of the deceased.
[2] The substance of these articles is now contained in Louisiana Civil Code Articles 9 through 13. Although there were some changes in the language of the articles with the 1987 Revision, the comments state there has been no substantive change in the law.