Dear Mr. Plaisance:
Your opinion request of March 15, 1993, has been referred to me for reply.
You ask whether it is mandatory that adjustments made by the Board of Trustees to the Program's maximum fee schedule for medical reimbursement be adopted as a Rule in accordance with the Louisiana Administrative Procedures Act (the APA). Additionally, you inquire whether the Rule making process must be followed to correct errors in the fee schedule.
LSA-R.S. 42:851.5 states that the Board of Trustees for the State Employees Group Benefits Program shall adopt and promulgate a schedule of maximum fees for medical and surgical services and professional services rendered in a hospital. You have indicated that such a fee schedule has been adopted and promulgated by the Board in accordance with the APA.
The statute which mandates adoption and promulgation of the fee schedule also states in subsection A(A):
 "The reimbursement paid to the member by the State Employees' Group Benefits Program shall be determined by the fee authorized by the schedule. Adjustments to the fee schedule may be made by the board of trustees."
The question is whether "adjustment" of the fee schedule constitutes "amendment" of an agency rule, requiring compliance with the APA.
The Louisiana Civil Code sets forth rules for interpretation of laws as follows:
Art. 9. Clear and unambiguous law
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
Art. 11. Meaning of words
 The words of a law must be given their generally prevailing meaning.
 Words of art and technical terms must be given their technical meaning when the law involves a technical matter.
LSA-R.S. 1:1 and 3 provide similar rules for the interpretation of the Revised Statutes, as follows:
 LSA-R.S. 1:3. Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the word "may" is permissive.
 LSA-R.S. 1:4 Unambiguous wording not to be disregarded
 When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
In addition, there is a well established judicial rule of interpretation of laws, as follows:
 It is presumed that every word, sentence, or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Jarrell v. Gordy 162 So.2d 577 (La.App. 3 1964); D'Agostino v. City of Baton Rouge 504 So.2d 1082 (La.App. 1 Cir. 1987); and Sanchez v. Sanchez 582 So.2d 978
(La.App. 1 Cir. 1991).
The APA sets forth the procedure for the "adoption, amendment, or repeal of any rule" by each agency of the state which engages in rule making. Thus, any agency which "adopts" a rule in accordance with APA procedures may amend its rules by employing the same procedures. No other authorization for "amendment" of rules is required.
The statute at issue herein, which mandates the Board to "adopt" a fee schedule, also specifically authorizes the Board to make "adjustments" to the fee schedule. Applying the rules for interpretation of laws as set forth above, it must be presumed the Legislature purposefully employed the term "adjustment" in LSA-R.S. 42:851.5, and in doing so, intended to authorize the Board to take corrective action not already authorized by the APA.
Therefore, it is the opinion of this office that the Board of Trustees of the State Employees Group Benefits Program, having adopted and promulgated a schedule of maximum fees for medical reimbursement in accordance with the APA, may make necessary and appropriate adjustments to the fee schedule, including the correction of errors, without again employing the procedures required by the APA.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR/cdw
WP51:93-226