Dear Representative Mitchell:
This office is in receipt of your opinion request dated June 14, 1995, wherein you relate that a school teacher tendered a plea of nolo contendere to the charge of prostitution, a misdemeanor crime as defined in LSA-R.S. 14:82, in 1986. Recently, he applied for and was accepted for employment by a local school district; however, when a criminal history review was conducted, and the foregoing conviction discovered, his employment was terminated pursuant to LSA-R.S. 17:15(2)(a)(ii). This statute provides, in pertinent part:
(2)(a)(ii) A city or parish school board shall dismiss:
 (i) Any permanent teacher who has supervisory or disciplinary authority over school children upon the final conviction of such teacher of any crime listed in LSA-R.S. 15:587.1(C) except LSA-R.S. 14:74 or any permanent teacher who has pled nolo contendere to any crime listed in LSA-R.S. 15:587.1(C), except LSA-R.S. 14:74 after a hearing held pursuant to the provisions of Part II of Chapter 2 of the Louisiana Revised Statutes of 1950.
 (ii) Any other school employee having supervisory or disciplinary authority over school children if such employee is convicted of or pleads nolo contendere to a crime listed in LSA-R.S. 15:587.1(C), except LSA-R.S. 14:74. (Emphasis added).
One of the crimes enumerated in LSA-R.S. 15:587.1(C) is LSA-R.S.14:82, concerning prostitution, and accordingly, immediate termination of this employee would be required by law.
Your concern arises from an apparent conflict with the foregoing statute and the language of LSA-R.S. 37:2950, providing, in pertinent part:
 § 2950. Felony convictions effect on trade, occupational and professional licensing
 A. Notwithstanding any other provisions of law to the contrary, a person shall not be disqualified, or held ineligible to practice or engage in any trade, occupation, or profession for which a license, permit or certificate is required to be issued by the state of Louisiana or any of its agencies or political subdivisions, solely because of a prior criminal record, except in cases in which the applicant has been convicted of a felony, and such conviction directly relates to the position of employment sought, or to the specific occupation, trade or profession for which the license, permit or certificate is sought. (Emphasis added).
We express doubt as to whether the provisions of LSA-R.S. 37:2950
would, in any event, be applicable to those teachers governed by the provisions of Title 17. However, we are able to resolve the issue according to the rules of statutory construction.
A general rule of statutory interpretation provides that laws are to be construed as a whole, and each part must be given effect where such a result can be reasonably achieved; it cannot be presumed that meaningless clauses and phrases were enacted.Pickering vs. City of Baton Rouge, 442 So.2d 522
(La.App. 1st Cir. 1983). Further, words used in a statute should be given ordinary and usual significance. Breaux vs. City ofLake Charles, 338 So.2d 1205 (La.App. 3rd Cir. 1976). LSA-R.S. 37:2950 clearly provides that "notwithstanding" other laws to the contrary that a person shall not be disqualified from employment solely because of a prior criminal record except in those cases in which he has been convicted of a felony. The word "notwithstanding" means "despite", and application of this statute to the instant matter would require this person to be reinstated, as his plea to a misdemeanor crime would not be sufficient to invoke the penalty of LSA-R.S. 37:2950.
However, the rule of statutory construction which resolves this conflict provides that while a later act does not repeal an earlier statute on the same subject matter, it does have the effect of superseding such prior law insofar as the provisions of the earlier act are in conflict with the latest expression of the legislative will. D'Agostino vs. City of Baton Rouge,504 So.2d 1082 (La.App. 1st Cir. 1987) at page 1085. For this reason, we conclude that LSA-R.S. 17:15(2)(a)(ii), being the most recent expression of legislative intent, is controlling in this matter. The person in question was properly terminated pursuant to that statute.
Finally, we attach for your further information a copy of recently released Attorney General Opinion 94-204. It is relevant to the question you raised insofar as it stands for the proposition that, as applied to the instant matter, a conviction set aside pursuant to LSA-C.Cr.P. Art 893 does not remove the conviction from review for purposes of LSA-R.S. 17:15 (2)(a)(ii).
Should you have further questions, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Honorable Danny R. Mitchell, Sr. Representative 2332 Jewella Avenue, Suite B Shreveport, LA 71109
Date Received: Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL