11VICTORY, Justice.*
This matter comes to us on direct appeal from a trial court’s finding that La. R.S. 51:916(B)(1)(2)(3) is unconstitutional insofar as it prohibits receipt of compensation for the “use” of products or equipment used in the performance of clinical perfusion services and its granting of a preliminary injunction prohibiting the enforcement of the statute insofar as it prohibits the receipt of compensation for such use. In addition, although the trial court found the statute to be constitutional in all other respects, we will consider whether the trial court was correct in granting a preliminary injunction of one year prohibiting the enforcement of the constitutional portions of the statute.
laFACTS AND PROCEDURAL HISTORY
The 1997 Legislature passed Act 986 which enacted La. R.S. 51:916[1] regarding perfusion equipment and services.[2] The Act became effective on August 17, 1997 with the stated purpose of prohibiting clinical perfu-sionists, or the companies that employ them, from receiving compensation for “the sale of clinical perfusion products” to medical institutions where they also provide clinical perfusion services or, if the perfusionist works for a physician, where that physician has surgical or medical privileges. These prohibitions are found in La. R.S. 51:916(B)(1)(2) and (3)(a). Another stated purpose of the Act is to prohibit companies that sell clinical perfusion products from providing contract perfusion ^services at the medical institutions that purchase their products. This prohibition is found in La. R.S. 51:916(B)(3)(b).
Perfusion Services of Baxter Healthcare Corporation (“Perfusion Services”), a corporation offering perfusion services, equipment and supplies on a turnkey basis to a number of Louisiana hospitals on a contract basis, and Paul Webb (“Webb”), a clinical perfu-sionist who contracted with Perfusion Services to provide perfusion services to various hospitals and healthcare providers, filed suit seeking a temporary restraining order, preliminary injunction and permanent injunction prohibiting the enforcement of Act 986 and a declaratory judgment of unconstitutionally. Perfusion Services has contracts with various hospitals to provide them with clinical perfu-sionists, as well as the clinical perfusion equipment and supplies, on an exclusive basis.
Plaintiffs argued to the trial court, inter alia, that the broad language of the Act makes it illegal for a clinical perfusionist to receive any compensation relating to the “use” of perfusion equipment, which has the effect of making all perfusion services illegal unless performed gratuitously. The State *697 argued that the Act was simply intended to prevent clinical perfusionist from selling clinical perfusion products to the same medical institutions where they also provided clinical perfusion services, just as Perfusion Services was doing.
After a hearing, the trial court apparently agreed with the plaintiffs and granted a “preliminary injunction in favor of plaintiffs against the enforcement of Act 986 insofar as the Act in La. R.S. 51:916B(1)(2)(3) prohibits receipt of compensation for the “use” of products or equipment used in the performance of clinical perfusion services.” The court’s reasoning was as follows:
pThe Court finds the legislation is “over-broad” and violates LSA-Constitution Art. I, Sec. 23. In reaching this conclusion the Court employs the analysis listed in Rousselle vs. Plaquemines Parish School Board, 633 So.2d 1235 (La.1994), footnote 10.
The Court finds based on evidence presented that the state law would in fact impair contractual relationships; further, the court determines that impairment of private contractual rights is of constitutional dimension. Block vs. Reliance Ins. Co., 433 So.2d 1040 (La.1983), Yamaha Motor Corp. vs. Bonfanti, 589 So.2d 573[575] (La.App. 1st Cir.1991). None of the parties to the private contracts could have anticipated that the Legislature would prohibit clinical perfusionists from “using” products or equipment used in providing clinical perfusionist services. The Court finds that the services provided by the clinical perfusionists are vital to the health, safety and welfare of the people of Louisiana. Act 986 in proscribing the “use” of products and equipment used in performance of clinical perfusion services paints with too broad a stroke and fails to meet the legislative intent stated in the preamble. In all other respects, Act 986 is valid and enforceable.
Thus, the court’s narrow holding was evidently limited to the provision of the provision of the Act which prohibited compensation “from the ... use of products or equipment.” Interpreting this to mean that perfusionists could not be compensated for “using” perfusionist equipment, and thus could not be paid wages for performing perfusionist services, the court found only the “use” language to be unconstitutionally overbroad and in violation of the Contracts Clause. Apparently, the court found the “anti-tying” aspects of the Act to be constitutional.
Plaintiffs requested a rehearing and argued that they needed time to orderly disengage from the contracts they already had with various hospitals. The State filed a supplemental memorandum stating that the “remaining issue is whether Act 986 ‘impairs Baxter’s contracts with hospitals in this state.”
After rehearing, the court reaffirmed its prior ruling that the Act was unconstitutional insofar as it prohibits receipt of compensation for the “use” of ^products and equipment, but that the Act was in all other respects constitutional. However, the court further stated:
and finding that because plaintiffs ask for orderly disengagement of existing contracts, and that while the legislature had a rational basis for enacting the law, because of the special nature of the contracts of providing specialized health care to people in dire need of medical care, it would be impractical and unwise to immediately disengage from these contracts.
The court then granted plaintiffs a preliminary injunction enjoining the enforcement of Act 986 for a period of one year to provide for the orderly disengagement of contracts.
The State filed this appeal, claiming that the trial court erred (1) in declaring a portion of Act 986 unconstitutional and thus unenforceable, and (2) in preliminarily enjoining enforcement of a constitutional statute for a period of one year.
DISCUSSION
Our appellate jurisdiction over this ease is limited by Art. V, § 5(D) and (F) of the Louisiana Constitution to the trial court’s finding of unconstitutionality of a portion of the statute. The trial court based its finding of uneonstitutionality on its interpretation of the phrase “to receive compensation from the *698 sale or use of products or equipment. The court held that the statute was unconstitutional because it prohibited perfusionists from being compensated for using products or equipment in connection with their services, thus in effect prohibiting them from receiving wages in connection with the performance of perfusionist services. Thus, the court found, the Act unconstitutionally impaired the perfusionists’ contractual rights to receive wages for their services. However, as a reading of the statute as a whole and the ^legislative intent as expressed in the preamble makes clear, the Act prevents a perfu-sionist, or perfusionist company, from receiving compensation “from the sale or use” of equipment or services to a medical institution or hospital if the perfusionist or perfusionist company also provides perfusion services to that same medical institution or hospital. We agree with the State the word “use” in the phrase “sale or use” means lease. Because we find the trial court’s finding of uneonstitutionality to be based on an incorrect interpretation of the word “use,” we reverse the trial court’s ruling of unconstitutionality and dissolve the preliminary injunction issued in connection with that ruling.
The trial court found all other aspects of the Act to be constitutional, holding that the Act had a rational basis. Although the parties have spent most of their time in this Court arguing about whether the statute’s “anti-tying” provisions are constitutional and whether the plaintiffs were actually involved in “tying” arrangements, those matters are not properly before us because the trial court found that aspect of the Act to be constitutional.[3]
However, in spite of its finding that the Act was constitutional in all respects, other than the above described “use” prohibition, the court granted a one-year preliminary injunction in favor of the plaintiffs enjoining the enforcement of the entire Act so that the plaintiffs could orderly disengage from its contracts with |7various hospitals and medical institutions. The trial court erred in enjoining the enforcement of a statute which it found to be constitutional.[4]
CONCLUSION
La. R.S. 51:916 does not prohibit per-fusionists from- being compensated for their services while using perfusion equipment. We find that the statute merely prohibits perfusionists and their companies from selling or leasing equipment to the same hospitals where they also perform the perfusionist services. Because the trial court’s finding of unconstitutionality was based on an erroneous interpretation of the statute, we reverse the finding of unconstitutionality and dissolve the corresponding preliminary injunction. Further, because the trial court erred in granting a preliminary injunction enjoining the enforcement a statute that it otherwise found to be constitutional, we dissolve the one-year preliminary injunction.
DECREE
For the reasons stated herein, the trial court’s finding of unconstitutionality and granting of a preliminary injunction is reversed. The trial court’s further grant of a one-year preliminary injunction is also reversed. The matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

 Calogero, C.J., not on panel. Rule IV, Part 2, § 3.

. La. R.S. 51:916(B) provides:
(1) It shall be unlawful for any person performing the services of a clinical perfusionist for a hospital or other medical institution to receive compensation from the sale or use of products or equipment used in the performance of clinical perfusion services to such medical institution.
(2) It shall be unlawful for any person performing the services of a clinical perfusionist as an employee of a physician to receive financial compensation from the sale or use of products or equipment used in the performance of clinical perfusion services to any medical institution.
(3)(a) It shall be unlawful for an individual or business entity which contracts with a hospital or other medical institution for the provision of clinical perfusion services to receive compensation from the .sale or use of products or equipment used in the performance clinical services to such medical institution.
(b) It shall be unlawful for a business entity which sells products or equipment used in the performance of clinical perfusion services to a hospital or other medical institution to perform perfusion services at that medical institution.

. A perfusionist is defined in La. R.S. 51:916(A)(3)(a) as follows:
[a] skilled person, qualified by academic and clinical education, who operates extracorporeal circulation equipment during any medical situation where it is necessary to support or temporarily replace a patient’s circulatory or respiratory function. A perfusionist is knowledgeable concerning the variety of equipment available to perform such extracorporeal circulation functions.

. Likewise, plaintiffs argument that the Act impairs their contracts to sell equipment as well as provide perfusionist services to certain hospitals is not properly before us under La. Const, art. V, § 5(D) and (F). The trial court found that the "legislature had a1 rational basis for enacting the law” and consequently must have found the Act to be constitutional under the Contracts Clause.

. Had the court found that the plaintiffs had met the minimal burden of proof of unconstitutionali(y necessary for granting a preliminary injunction, then it would have been within the court's discretion to grant a preliminary injunction. We note that such preliminary injunctions are normally only granted until the hearing on the permanent injunction. In any event, because the court expressly found that the statute had a rational basis and was thus constitutional, it was error to enjoin the enforcement of this constitutional statute.