Dear Senator Michot:
This Attorney General's opinion is written in response to your request regarding autotransfusion equipment and supplies and the unfair trade practices act, found in LSA-R.S. 51:916. Your request states:
 Under applicable law, can a perfusionist provide autotransfusion services and equipment to a hospital during surgeries that do not involve extracorporeal circulation, i.e., bypass, when he does not otherwise provide perfusion services or equipment to that same hospital for bypass surgeries?
 Also, please render an opinion as to whether a perfusionist who is otherwise qualified as an autotransfusionist and who provides no perfusion services to a particular hospital can provide autotransfusion services to that hospital during non-bypass surgeries and, at the same time, lease the autotransfusion equipment and charge the hospital for the disposables used during the autotransfusion process.
In sum, you are seeking an opinion as to whether the compensation for the sale or lease and servicing of autotransfusion equipment to a hospital by a perfusionist, who is not providing perfusionist services, but instead is providing autotransfusion services, is a violation of the unfair trade practices act, as provided for in R.S. 51:916.
The only reported case involving this statue is Perfusion Services ofBaxter Healthcare Corporation v. Foster, 711 So.2d 695, 1998-0056 (La. 5/19/98). In this case, the trial court found R.S. 51:916 (B)(1), (2), and (3)(a) unconstitutional, insofar as the statute prohibited the receipt of compensation for the "use" of products or equipment used in the performance of clinical perfusion services, as being overbroad and impairing contractual relationships. The trial court interpreted the term "use" to mean that the perfusionist could not be compensated for "using" perfusionist equipment, and thus could not be paid wages for performing perfusionist services. On appeal, the Louisiana Supreme Court reversed the trial court's ruling of unconstitutionality because of the incorrect interpretation of the word "use", and the Court further agreed with the State that the word "use" in the statute stating "sale or use" meant lease. In concluding, the Court stated:
 La.R.S. 51:916 does not prohibit perfusionist from being compensated for their services while using perfusion equipment. We find that the statute merely prohibits perfusionists and their companies from selling or leasing equipment to the same hospitals where they also perform the perfusionist services.
 Id. at 698.
The law in question, R.S. 51:916, provides that a person performing the services of a perfusionist or clinical perfusionist can be guilty of an unfair trade practice under the Unfair Trade Practices and Consumer Protection Law[1] and of a civil offense punishable by a fine of not less than one thousand dollars nor more than five thousand dollars for each violation and subject to injunctive relief and damages for the following action:
 B. (1) It shall be unlawful for any person performing the services of a clinical perfusionist for a hospital or other medical institution to receive compensation from the sale or use of products or equipment used in the performance of clinical perfusion services to such medical institution. [Emphasis added].
What is at issue here is whether the service of autotransfusion is considered as part of the services of a clinical perfusionist under this law and whether such services are used in the performance of clinical perfusion services.
A "perfusionist" or "clinical perfusionist" is defined in R.S.51:916 as follows:
 (3)(a) `Perfusionist' or `clinical perfusionist' means a skilled person, qualified by academic and clinical education, who operates extracorporeal circulation equipment during any medical situation where it is necessary to support or temporarily replace a patient's circulatory or respiratory function. A perfusionist is knowledgeable concerning the variety of equipment available to perform such extracorporeal circulation functions.
 (b) The perfusionist is educated to conduct extracorporeal circulation and to ensure the safe management of physiologic functions by monitoring and adjusting the necessary variables. The perfusionist is trained, educated, or both, in the administration of
blood products, blood conservation techniques, autotransfusion, anesthetic agents, and drugs through the extracorporeal circuit. Such administration is performed according to a prescription, to approved protocol, or both. A perfusionist is knowledgeable and competent in the use of a variety of techniques such as: hypothermia and hemodilution, perfusion procedures involving specialized equipment, and advanced life support techniques. [Emphasis added].
The term "perfusion"[2] was also defined in the recently enacted Perfusion Licensure Act[3], and it is even more technical than that above and it does mention autotransfusion, but it is specifically limited to Part III of Title 37.
The primary question to be decided is whether the autotransfusion service in which the perfusionist is engaged is within the purview of the legislative act, R.S. 51:916, so as to be prohibited thereunder.
Clearly, the perfusionist is defined as a skilled person who operates extracorporeal circulation equipment during any medical situation where it's necessary to support or replace a patient's circulatory or respiratory function. Further, while the law provides in subparagraph (3)(b) [4] that a perfusionist is trained, educated, or both, in autotransfusion through the extracorporeal circuit, the law does not clearly provide that autotransfusion is a service of a perfusionist. Part of our confusion stems from the fact that one does not have to be a perfusionist to perform autotransfusion. See, R.S. 37:1343 (4) [5].
If the legislative language of a statute is unclear, it must be interpreted according to the meaning that best conforms to the purpose of the law. See, Smith v. St. Tammany Fire Protection Dist. No. 1,723 So.2d 994, 1997-2003 (La.App. 1 Cir. 9/25/98). Also, we are instructed by the Louisiana Civil Code, art. 11, that "words of art and technical terms must be given their technical meaning when the law involves a technical matter." Our jurisprudence dictates that every word, sentence, or provision in a law was intended to serve some useful purpose, and that some effect is to be given to each such provision. See,Sanchez v. Sanchez, 582 So.2d 978 (App. 1 Cir. 1991). Thus, we must look at every word and sentence included in the definition of the term "perfusionist/clinical perfusionist" in order to determine if it was the legislature's intent to include the service of autotransfusion as part of the services of a clinical perfusionist, as that phrase is used in the law.
In trying to construe the term "perfusionist" or "clinical perfusionist" in R.S. 51:916, we find that the language of (A)(3)(b) that provides that the perfusionist is "[t]rained [and/or] educated in the administration of autotransfusion through the extracorporeal circuit" must be construed and understood to be included as part of the services of a clinical perfusionist. The term "extracorporeal circulation" is defined in the Perfusion Licensure Act as "[t]he diversion of a patient's blood through a heartlung machine or a similar device that assumes the functions of the patient's heart, lungs, kidney, liver, or other organs." We find that since the term "autotransfusion" is followed by and therefore modified by the terms "through the extracorporeal circuit", then it becomes a perfusionist service when done through the extracorporeal circuit. On the other hand, if autotransfusion is not done through the extracorporeal circuit, then we do not find that it would fit the service of a perfusionist as defined in R.S. 51:916, for the purposes therein.
Having found that it was the legislature's intention to include autotransfusion when done through the extracorporeal circuit as perfusionist services under this statute, R.S. 51:916, it is our opinion that any person, whether it is a perfusionist or a qualified health care provider, and their companies are prohibited from selling or leasing equipment to the same hospitals where they perform the perfusionist services. On the other hand however, if the perfusionist in your factual situation is performing autotransfusion without going through the extracorporeal circuit, then he would not be bound by this prohibition in R.S. 51:916.
This discussion of statutory interpretation and construction reveals the legal difficulty of this situation for a perfusionist who also performs autotransfusion, whether through the extracorporeal circuit or not, when civil penalties are involved. And we are mindful of the fact that only a court of competent jurisdiction can determine a violation in fact. Thus, further legislative action specifying whether or not the services of a perfusionist specifically include autotransfusion services, whether done through the extracorporeal circuit or not, would be a clearer indication of the legislature's intent in this regard.
Trusting that this opinion is responsive to your request, we remain
 Yours very truly, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL
CCF, Jr./ARL; mjb
[1] LSA-R.S. 51:1401 et seq.
[2] As used in this Part, the following terms shall mean the following, unless the context requires otherwise:
 * * *
(3) `Perfusion' means the functions necessary for the support, treatment, measurement, or supplementation of the cardiovascular, circulatory, respiratory systems or other organs, or a combination of those activities, and to ensure the safe management of physiologic functions by monitoring and analyzing the parameters:
(a)
(b) Counterpulsation, ventricular assistance, autotransfusion, ;
 * * *
LSA-R.S. 37:1333.
[3] Acts 2003, No. 811, eff. July 1, 2003; LSA-R.S. 37:1331 etseq.
[4] LSA-R.S. 51:916 (A)(3)(b).
[5] Nothing in this Part shall be construed in such a way as to prohibit:
 * * *
(4) Qualified health care providers who are not licensed perfusionists or provisional licensed perfusionists from performing autotransfusion under the direct or indirect supervision of a licensed perfusionist.