598 So.2d 337 (1992)
Benny and Anna CHAMBERS, Individually and on Behalf of Their Minor Child, Leanna Lea Chambers
v.
William E. LeBLANC and XYZ Insurance Company, CBA Insurance Company.
No. 92-CC-0587.
Supreme Court of Louisiana.
May 1, 1992.
PER CURIAM.
Writ granted.
While a judgment erroneously overruling an exception of venue cannot as a practical matter be corrected on appeal and is therefore arguably appealable under La.Code Civ.Proc. art. 2083 because irreparable injury may result, an appellate court need not defer review of a judgment on a simple venue issue to the appellate process. On plaintiffs' request we therefore expedite review of the trial court's judgment on the venue issue (brought by defendants' application for supervisory writs to the court of appeal), rather than requiring plaintiffs to wait for disposition of the issue through the normal appellate process.
This legal malpractice action was brought in Livingston Parish, plaintiffs' domicile, against an attorney, who is domiciled in Iberville Parish and practices in Ascension Parish, for failing to file a timely suit in East Baton Rouge Parish. The trial court overruled the exception of improper venue on the basis that plaintiffs sustained damages in Livingston Parish, making venue proper under La.Code Civ. Proc. art. 74.
When damage is caused to the plaintiff in the parish where the wrongful conduct occurred, then that parish is the parish of proper venue under Article 74, even if the plaintiff is in the parish of his domicile at the time of the wrongful conduct or if the damage progresses in the *338 parish of the plaintiff's domicile. Belser v. St. Paul Fire & Marine Insurance Co., 509 So.2d 12 (La.App. 1st Cir.1987). Here, the wrongful conduct occurred either in Ascension Parish or East Baton Rouge Parish, but clearly not in Livingston Parish, which is therefore not a parish of proper venue under Article 74.
Accordingly, the judgment of the trial court overruling the exception of venue is reversed, and the exception is maintained. The case is remanded to the trial court to transfer the action to a parish of proper venue.
CALOGERO, C.J., and DENNIS, J., would grant the writ and docket the matter for argument.