WALTZER, Judge.
Plaintiff, Ms. Zoe Brown, appeals from a trial court ruling, which granted defendants’ exception for improper venue. The district court ruled that Orleans Parish was an improper venue for plaintiffs legal malpractice suit against defendants, Sidney Torres, III and Becky Raymond Cieutat.
FACTS:
In May of 1988, plaintiff contracted with Blums Thermal Services Inc. (“Blums”) for the installation of a Lennox air conditioning and heating system. In November of 1988, plaintiff discovered that the unit caused her house to vibrate. She had Blums return to her house to fix the problem, which supposedly they did. However, still dissatisfied, plaintiff contacted Lennox Industries Inc. Because plaintiff could not be satisfied, Lennox entered into a settlement agreement with plaintiff on March 17, 1989, which provided that if the vibration could not be isolated, Lennox would pay to have either a new Lennox system installed or a competitor’s unit installed with Lennox paying the difference in price.
Lennox was unable to satisfy plaintiff, who then insisted on having a competitor’s furnace installed by Barcia’s Heating and Air Conditioning Inc. (“Barcia’s”), a contractor chosen by plaintiff. During these ongoings, plaintiff filed, in proper person, a suit against the original contractor, Blums, in St. Bernard Justice of the Peace Court. In this suit, plaintiff alleged $1200.00 in damages, the maximum jurisdictional amount allowed by that court. Plaintiff later stated that her damages were actually greater than $1200 but proceeded with suit anyway. On December 11, 1989, the Justice of the Peace Court ruled in favor of defendant Blums. Dissatisfied with the result, plaintiff contacted attorney Patrick Breeden, who then referred her to Sidney Torres, III. An associate, Becky Raymond Cieutat, at Mr. Torres’ law firm began handling the case.
Plaintiff first met with Ms. Cieutat on December 19, 1989, at which time they discussed several courses of action and plaintiff signed a retainer agreement. As a result of the meeting, Ms. Cieutat, on behalf of plaintiff, filed a Notice of Appeal on December 26, 1989 with the Justice of the Peace Court in St. Bernard, requesting a trial de novo in the 34th District Court for St. Bernard Parish. The plaintiff, unhappy with the jurisdictional amount of the Justice of the Peace Court, insisted upon requesting an increase in her prayer for *79 damages in her appeal. Although Ms. Cieutat informed plaintiff that such action had proven fruitless in previous cases, Ms. Cieutat nevertheless requested an increase in damages at the behest of plaintiff. Additionally, Ms. Cieutat amended the petition before the 34th District Court to include as defendants Lennox Industries Inc. Also amended were causes of action, like fraud, not originally included in her suit before the Justice of the Peace. The 34th District Court subsequently severed these new causes of actions from the appeal of the Justice of the Peace Court judgment.
In a separate action, plaintiff, through her attorney Ms. Cieutat, filed suit against Barcia’s in the Civil District Court for Orleans Parish. Service on the defendant in that suit was withheld at the plaintiffs request, and, thus, the case is still pending. Around this time, plaintiff became dissatisfied with her legal representation, and she notified Ms. Cieutat that she wanted to end her relationship and pick up her file. The plaintiff, pro se, then initiated the legal malpractice action in the Civil District Court for Orleans Parish, which is now before us. After filing this suit, she moved, pro se, to have her suit against Barcia’s transferred from section “G” to section “D” where her legal malpractice claim was pending. This request for transfer was denied.
Plaintiff’s legal malpractice suit alleges numerous actions of misconduct: fraud, negligent representation, failure to file, and others. Her petition is confusing, and defendants filed several exceptions: one for vagueness, one for Lis Pendens, and another for improper venue. While the record does not contain any judicial action on the exceptions for vagueness and Lis Pendens, the trial court granted the exception for improper venue on May 18, 1992, ruling that St. Bernard Parish, and not Orleans, was the proper venue for Ms. Brown’s suit against her attorneys. Plaintiff then brought this appeal from that judgment.
The defendants, in their memorandum in support of their exception for improper venue, and in their appellee brief, state that the actions and alleged damage suffered by the plaintiff occurred in St. Bernard Parish. The defendants admit in their briefs that a case was filed in Orleans Parish against the second contractor by them on Ms. Brown’s behalf, but that service was withheld at her request. The defendants argue that that case is still pending and cannot form the basis of plaintiff’s malpractice claim. We agree with the defendants that venue for a malpractice suit is only proper in the parish where the defendant is domiciled or in the parish where the damage occurred. Chambers v. LeBlanc, 598 So.2d 337 (La.1992); see also La.C.C.P. art. 74. We also agree with defendants that plaintiff’s petition is confusing and vague as to which of her attorneys’ actions form the basis of her malpractice suit.
Our review of the record, however, reveals that plaintiff petition contains an allegation that defendants failed to timely file a claim on her behalf in Orleans Parish against Lennox Industries, an out of state company doing business in Orleans Parish. Also, the plaintiff lists the defendants’ acts regarding the suit filed by them against Barcia’s on her behalf as one of the defendants’ actions forming the basis of her malpractice claim. If these two alleged negligent acts are part of the plaintiff’s malpractice claim, then Orleans Parish is a proper venue as the parish where “wrongful conduct occurred or ... damages were sustained.” LSA-C.C.P. art. 74 and Chambers v. LeBlanc, 598 So.2d at 337-338.[1]
If the plaintiff is made to clarify her petition and/or if it is determined that no act by the defendants occurring in Orleans Parish can support a claim of malpractice, the defendants may reurge their exception *80 for improper venue. However, at this time, plaintiffs allegations of wrongful conduct in Orleans Parish in her petition are sufficient to hold that Orleans Parish is a proper venue for those claims as well as the other claims of malpractice. See LSA-C.C.P. art. 72.
We therefore find the trial court in error for granting the defendants’ exception of improper venue.
REVERSED AND REMANDED.
SCHOTT, C.J., concurs.

. In Chambers, a legal malpractice claim was filed in the parish of the plaintiffs domicile based upon the attorney’s failure to file a suit timely. The Court held that plaintiffs domicile was not a proper venue for the suit, but that, under LSA-C.C.P. art. 74, plaintiff had to bring her malpractice claim either in the parish of the defendant’s domicile or in the parish of the court where defendant failed to file suit. Chambers, supra at 338.