ON MOTION TO DISMISS

BYRNES, Judge.
Plaintiff-appellant, Blitch Architects, Inc., appealed a judgment of the Civil District Court for the Parish of Orleans transferring the venue of Blitch’s claim to Jefferson Parish. Blitch appealed that decision to this Court. Jacob L. Karno, one of the defendant-appellees filed a motion to dismiss Blitch’s appeal. We deny Jacob Karno’s motion.
An appeal may be taken from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. art. 2083. Although supervisory writs may have been a more appropriate means of review, irreparable injury occurs if there is any error in a ruling of this sort. Artigue v. St. Paul Fire & Marine Ins., 537 So.2d 1238 (La.App. 4 Cir.1989); Herlitz Construction Co. Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Highlands Insurance Co. v. Boyd, 519 So.2d 182 (La.App. 4 Cir.1987).
Cabibi and Cabibi v. Hatheway, 570 So.2d 104 (La.App. 4 Cir.1990), writ denied, 572 So.2d 91 (La.1991) is inapposite. There was no question of venue before the court, which was clearly Orleans Parish. The parties were only arguing over whether it was irreparable injury to deny the appellant’s requests to transfer the case to the domestic relations section of Civil District Court from another section within the same court. This Court found no irreparable injury under those facts. Chambers v. LeBlanc, 598 So.2d 337 (La.1992) is also inapplicable. In Chambers the plaintiffs sought relief from an adverse venue ruling by applying for supervisory writs. The Supreme Court allowed this procedure “... rather than requiring plaintiffs to wait for disposition of the issue through the normal appellate process.” Chambers, 598 So.2d at p. 337.
By holding that relief from an adverse venue ruling could be sought by supervisory writs rather than waiting for the normal appeal process, the Chambers court definitely did not state expressly or impliedly that there was no right of appeal under LSA-C.C. art. 2083. To the contrary, the Chambers court acknowledged that “... an exception of venue cannot as a practical matter be corrected on appeal and is therefore arguably appealable under La.Code Civ.Proc. art. 2088 because irreparable injury may result ...” Chambers, 598 So.2d at p. 337.
For the foregoing reasons, the Motion to Dismiss Appeal of the defendant-appellee, Jacob L. Karno is denied.

DENIED.

LOBRANO, J., concurs with reasons.