960 So.2d 144 (2007)
MB INDUSTRIES, LLC
v.
CNA INSURANCE COMPANY, Steven G. Durio; Steven G. Durio, P.C.; Durio, McGoffin, Stagg & Ackermann; John Haas Weinstein; John Haas Weinstein, APLC; ABC Insurance Company; DEF Insurance Company; GHI Insurance Company; JKL Insurance Company.
No. 2006 CA 1084, 2007 CW 0422.
Court of Appeal of Louisiana, First Circuit.
March 23, 2007.
Rehearing Denied May 7, 2007.
Glen Scott Love, Stephen Dale Cronin, Robert L. Graves, Nadia De La Houssaye, Baton Rouge, Counsel for Plaintiff/Appellant MB Industries, LLC.
*145 James H. Gibson, David J. Ayo, Lafayette, Counsel for Defendants/Appellees Steven G. Durio; Steven G. Durio, P.C.; Durio, McGoffin, Stagg & Ackermann; and Continental Casualty Company.
Gracella Simmons, Collin J. LeBlanc, Baton Rouge, Counsel for Defendants/Appellees John Haas Weinstein; John Haas Weinstein, APLC; and Continental Casualty Company.
Before: CARTER, C.J., WHIPPLE and McDONALD, J.
McDONALD, J.
In this case, the trial court sustained defendants' exception raising the objection of improper venue and dismissed the suit. The plaintiff appeals that judgment.
The procedural background leading to the present suit was outlined in MB Industries, LLC (MB Industries) petition as follows: On February 14, 2000, MB Industries through its attorney, John Haas Weinstein, filed a petition for damages and a motion for preliminary injunction in the Fifteenth Judicial District Court against Mark H. Massey, Sam Lavergne and J. Bass, LLC, asserting breach of non-competition and trade secret agreements, misappropriation of trade secrets, unfair and deceptive trade practices and conversion of MB Industries' property. In February of 2003, Weinstein withdrew as counsel for MB Industries. In July of 2003, Steven G. Durio enrolled as counsel for MB Industries and entered into a contingency fee agreement, after having previously been paid on an hourly basis. A bench trial was held in November of 2003, and thereafter the trial court ruled in favor of the defendants and against MB Industries, dismissing the suit.
On March 16, 2004, MB Industries filed a legal malpractice claim against Durio, Steven G. Durio, P.C. (a Louisiana professional corporation), Durio, McGoffin, Stagg and Ackerman, (DMSA, a Louisiana professional corporation), Weinstein, John Haas Weinstein APLC (A Louisiana Professional Law Corporation), CNA Insurance Company (CNA, named as a foreign liability insurer for Weinstein and Weinstein APLC), and ABC Insurance Company (named as Durio's liability insurer) DEF Insurance Company (named as Durio P.C.'s liability insurer) GHI Insurance Company (named as DMSA's liability insurer) JKL insurance company and Moon Ventures, Inc.
In response to the lawsuit, Durio, Durio, P.C., and DMSA filed a declinatory exception raising the objection of improper venue, and in the alternative, a motion to transfer the case under the doctrine of forum non conveniens. They asserted that the suit was based upon the prior suit "MB Industries, L.L.C. v. Mark H. Massey, et al," filed in the Fifteenth Judicial District Court, in Acadia Parish and that they (Durio, Durio, P.C. and DMSA) were residents of Lafayette Parish, engaged in the practice of law in Lafayette Parish. They asserted that the proper parish to pursue a malpractice claim against an attorney is the parish of the attorney's domicile, that the defendants did not have a place of business or residence or domicile in East Baton Rouge Parish, and thus venue was improper.
Thereafter, Weinstein and Weinstein, APLC also filed an exception raising the objection of improper venue, and in the alternative, forum non conveniens. Weinstein asserted that he resided in and practiced law in the Parish of St. Landry and that the underlying suit arose out of conduct and/or omissions that occurred in Lafayette Parish or St. Landry Parish. Weinstein asked that the case be dismissed, or in the alternative, transferred to the Twenty-Seventh Judicial District *146 Court in St. Landry Parish or the Fifteenth Judicial District Court in Lafayette Parish.
CNA filed a declinatory exception raising the objection of improper venue, and a peremptory exception raising the objection of no cause of action, asserting that CNA was not an insurance company, and further, even if CNA was an insurer, it had issued no policy in favor of Weinstein or Weinstein, APLC, thus MB Industries had no cause of action against CNA. Further, CNA urged that it was not a proper party defendant as it was not an insurer and did not issue a policy to Weinstein or Weinstein, APLC. CNA asked to be dismissed from the suit with prejudice, and/or that the suit be transferred to a different venue.
On July 8, 2005, by supplemental and amending petition, MB Industries added as a defendant Continental Casualty Company (Continental), which provided professional liability insurance to Durio, Durio, P.C., Weinstein, Weinstein, A.P.L.C., and DMSA. Thereafter, Continental also filed a declinatory exception raising the objection of improper venue, and in the alternative, raised the doctrine of forum non conveniens, asking that the case be dismissed, or in the alternative, asking that the case be transferred to the Fifteenth Judicial District Court in Lafayette Parish.
After a hearing, the trial court ruled in favor of the defendants, and against MB Industries, sustaining the exception of improper venue, and dismissing the suit. MB Industries appeals that judgment, and makes the following assignments of error:
1. The trial court erred in sustaining the exceptions of improper venue.
2. The trial court erred in not allowing MB Industries to amend its petition in an effort to cure any venue deficiency, or alternatively, in not taking cognizance of a pre-hearing amendment which cured any venue deficiency.

ASSIGNMENT OF ERROR NO. 1

THE VENUE ISSUE
Venue is a question of law, which is reviewed de novo by the appellate court. Price v. Roy O. Martin Lumber Co., XXXX-XXXX (La.App. 1 Cir. 4/27/05), 915 So.2d 816, 824, writ denied, XXXX-XXXX (La.1/27/06), 922 So.2d 543.
MB Industries asserts that venue is proper in East Baton Rouge Parish because it sued the attorneys and their malpractice carrier, Continental, a foreign insurer. Thus, MB Industries contends that venue is proper under La. C.C.P. art. 42(7), and further, that claims against a liability carrier are governed under La. R.S. 22:655, also known as the Direct Action Statute.
Louisiana Code of Civil Procedure article 42 provides:
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.
(2) A domestic corporation, a domestic insurer, or a domestic limited liability company shall be brought in the parish where its registered office is located.
(3) A domestic partnership, or a domestic unincorporated association, shall be brought in the parish where its principal business establishment is located.
(4) A foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its primary business office is located as designated in its application to do business in the state, or, *147 if no such designation is made, then in the parish where its primary place of business in the state is located.
(5) A foreign corporation or a foreign limited liability company not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in the parish of the plaintiff's domicile or in a parish where the process may be, and subsequently is, served on the defendant.
(6) A nonresident, other than a foreign corporation or a foreign or alien insurer, who has appointed an agent for the service of process in the manner provided by law, shall be brought in the parish of the designated post office address of an agent for the service of process.
(7) A foreign or alien insurer shall be brought in the parish of East Baton Rouge.
(Emphasis added.)
Louisiana Revised Statute 22:655 provides in pertinent part:
A. No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors, mentioned in Civil Code Art. 2351.1, or heirs against the insurer.
B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only.
Defendants assert that Chambers v. LeBlanc, 598 So.2d 337 (La.1992) (per curiam) mandates that a legal malpractice suit be filed where the wrongful conduct occurred. In that case, the plaintiff sued his attorney and two insurance companies in the parish where the plaintiff was domiciled. The Chambers court found:
This legal malpractice action was brought in Livingston Parish, plaintiffs' domicile, against an attorney, who is domiciled in Iberville Parish and practices in Ascension Parish, for failing to file a timely suit in East Baton Rouge Parish. The trial court overruled the exception of improper venue on the basis that plaintiffs sustained damages in Livingston Parish, making venue proper under La.Code Civ. Proc. art. 74.
When damage is caused to the plaintiff in the parish where the wrongful conduct occurred, then that parish is the parish of proper venue under Article 74, even if the plaintiff is in the parish of his domicile at the time of the wrongful conduct or if the damage progresses in the parish of the plaintiff's domicile. Belser v. St. Paul Fire & Marine Insurance Co., 509 So.2d 12 (La.App. 1st Cir. 1987). Here, the wrongful conduct occurred *148 in either Ascension Parish or East Baton Rouge Parish, but clearly not in Livingston Parish, which is therefore not a parish of proper venue under Article 74.
Id., 598 So.2d at 337-338.
The Chambers court found that venue for a legal malpractice suit was not proper in the plaintiff's domicile, but rather in the parish where the wrongful conduct occurred. The Chambers case and the other cases relied upon by defendants did not address a legal malpractice suit filed in East Baton Rouge Parish that included a foreign insurer as a defendant. Thus, Chambers is distinguishable from the instant case.
After a thorough review, we find that East Baton Rouge Parish is a proper venue for this suit, under the language of both La. C.C.P. art. 42(7) and La. R.S. 22:655. Thus, we reverse the trial court judgment that sustained the declinatory exception raising the objection of improper venue and dismissed the suit. We remand the case to the trial court for further proceedings.[1]
We note that on March 13, 2007, defendants Durio, Durio, P.C., DMSA, and Continental filed a writ application seeking review of the trial court judgment dated February 12, 2007, which granted the plaintiff's motion to supplement the appellate record. This court referred the writ application to this panel.
We find no abuse of discretion in the trial court's granting of the motion to supplement the record. The writ is hereby denied, and the judgment of the trial court with respect to supplementation of the record shall stand.

CONCLUSION
For the foregoing reasons, the trial court judgment sustaining the declinatory exception raising the objection of improper venue and dismissing MB Industries' suit is reversed, and the case is remanded to the Nineteenth Judicial District Court for further proceedings. Costs are assessed against the defendants.
JUDGMENT REVERSED; CASE REMANDED; WRIT DENIED.
NOTES
[1] We make special note that because the trial court did not reach the alternative motion for transfer under the doctrine of forum non conveniens and the defendants have not answered this appeal, we lack authority to amend, modify, or revise the trial court's judgment regarding that issue. See La.C.C.P. art. 2133; Pierre v. Pierre, XXXX-XXXX (La.App. 1 Cir. 12/30/04), 898 So.2d 419, 424, writ denied, XXXX-XXXX (La.2/16/05), 896 So.2d 11. We cannot change a judgment in favor of appellees who have neither appealed nor answered their adversary's appeal. Arrow Const. Co., Inc. v. American Emp. Ins. Co., 273 So.2d 582, 586 (La.App. 1 Cir.1973).