CARAWAY, J.,
concurring.
11 Although a similar venue question was presented in Clarendon Nat. Ins. Co. v. Carter, 39,622 (La.App.2d Cir.5/11/05), 902 So.2d 1142, writ denied, 05-1567 (La.1/27/06), 922 So.2d 544, a ruling of this court in which I participated, I now believe that the ruling of the Supreme Court in Chambers v. LeBlanc, 598 So.2d 337 (La.1992), allows for the alternate venues of either Caddo or Bossier Parish in this legal malpractice action.
In Chambers, the court stated that “the wrongful conduct occurred in either Ascension Parish [the parish of the lawyer’s place of business] or East Baton Rouge Parish [the parish where plaintiffs suit was to be filed].” Id. This statement was dicta in the abbreviated per curiam opinion since the court only decided that Livingston Parish, the plaintiffs domicile, was an improper venue. Nevertheless, since the lawyer’s alleged negligence was his failure to act by timely filing suit in East Baton Rouge Parish, it might just as easily be said that “the wrongful conduct occurred” only at the lawyer’s office in Ascension Parish where his nonfeasance occurred. The Supreme Court did not say that, suggesting instead that the location where the client’s business is to be attended may also be considered as a place where the wrongful conduct occurred.
Additionally, consideration of the attorney-client relationship and the venue articles of the Code of Civil Procedure convinces me that Caddo Parish was a proper venue in this case. Despite the fact that we have come to view legal malpractice as a matter in tort with its special peremption statute for the institution of the action, there is still a contractual agreement |2underlying the attorney-client relationship. See, e.g., State Bar Articles of Incorporation, Art. 16, Rules of Professional Conduct, Rule 1.5, and La. R.S. 37:218. The analogous principle for venue in contract disputes allows a party to the contract to be sued in “the parish where any work or services were performed” under the contract. La. C.C.P. art. 76.1. With this broad allowance for alternate venues under Article 76.1 in contract cases, I would give special application to the express language of Article 74 and allow a venue for legal malpractice “in the parish where the damages were sustained.” That parish here is the parish of Chumleys’ prior pending lawsuit, because it was in that suit that the adverse judgment occurred giving rise to their damages.