STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1313

LISA JARREAU

VERSUS

THOMAS E. GIBBS D/B/A THE LAW OFFICE OF THOMAS GIBBS
AND ROBERT T. TALLEY

*DATE OF JUDGMENT:*     JUN 1 2 2020

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 676757, SECTION 24, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE R. MICHAEL CALDWELL, JUDGE

* * * * * *

Laurence David Cohen                    Counsel for Plaintiff-Appellant
New Orleans, Louisiana                  Lisa Jarreau


Keith J. Fernandez                      Counsel for Defendant-Appellee
Connell L. Archey                       Thomas E. Gibbs d/b/a The Law
Baton Rouge, Louisiana                  Office of Thomas Gibbs


* * * * * *

BEFORE:  McDONALD, THERIOT, AND CHUTZ, JJ.

Disposition: REVERSED.

McDonald, J. concurs

**CHUTZ, J.**

Plaintiff-appellant, Lisa Jarreau, appeals the trial court's judgment, dismissing her legal malpractice claims against defendants-appellees, Thomas Gibbs and Robert T. Talley, as perempted because they were not timely asserted in a court of proper venue. We reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

Jarreau filed this legal malpractice lawsuit on April 15, 2015, in Orleans Parish naming Gibbs and Talley as defendants. According to the allegations of her petition, she retained the legal services of Gibbs and Talley to represent her in connection with injuries she suffered on July 31, 2008 at the Sheraton Hotel in New Orleans. Jarreau averred that Gibbs and Talley filed a petition on her behalf against Starwood Hotels and Resorts Worldwide, Inc. (Sheraton) in Orleans Civil District Court (the elevator suit). She further alleged that Gibbs and Talley failed to assert a claim against Schindler Elevator Company (Schindler Elevator) within the appropriate delays allowed by law and, therefore, claimed that the attorneys had committed negligence and/or legal malpractice.

Gibbs filed a declinatory exception of improper venue on May 12, 2015, which the Orleans Civil District Court overruled. Gibbs thereafter filed a motion for new trial that the Orleans Civil District Court granted in a judgment signed on November 16, 2016, which also expressly sustained Gibbs's exception of improper venue. Jarreau applied for a supervisory writ and, on January 17, 2017, the Fourth Circuit Court of Appeal granted the writ, vacating the November 16, 2016 judgment reasoning that the overruling of an exception of improper venue was an interlocutory judgment for which motions for new trial were inapplicable.[1]

---

[1] The fourth circuit relied on *Daniels v. SMG Crystal, L.L.C.*, 2013-0761 (La. App. 4th Cir. 12/4/13), 128 So.3d 1272, 1277, to reach its conclusion.

2

On October 24, 2017, Talley filed a motion for summary judgment and a declinatory exception raising the objection of improper venue as well as a motion to transfer pursuant to forum non conveniens. Gibbs re-urged his exception of improper venue in a pleading filed on April 19, 2018. The Orleans Civil District Court judge signed a judgment on May 31, 2018, sustaining Talley's exception of improper venue and ordering the transfer of Jarreau's malpractice suit to the 19th Judicial District Court for East Baton Rouge Parish pursuant to forum non conveniens. Gibbs's exception of improper venue was likewise maintained by the Orleans Civil District Court in a judgment issued on July 11, 2018. An application for a supervisory writ, filed by Jarreau challenging the May 31, 2018 judgment, was denied by the fourth circuit "[b]ased on the showing made" on August 15, 2018. On August 22, 2018, the Orleans Civil District Court judge signed an order transferring Jarreau's legal malpractice claim to the 19th Judicial District Court.[2]

In the 19th Judicial District Court, on April 10, 2019, Gibbs filed a peremptory exception objecting on the basis of peremption as well as a motion for summary judgment, asserting in each pleading that because Jarreau originally filed the legal malpractice suit in Orleans Parish, which was not a court of proper venue, it was untimely. After a hearing on June 3, 2019, the 19th Judicial District Court issued a judgment on June 12, 2019, in favor of Gibbs and Talley, dismissing Jarreau's legal malpractice suit with prejudice as perempted. Jarreau appeals.

### DISCUSSION

In dismissing Jarreau's claims, the 19th Judicial District Court sustained the exception of peremption and/or granted the motion for summary judgment. The

---

[2] Both the May 31, 2018 and the July 11, 2018 judgments required the transfer completed "by June 18, 2018, in default of which [the Orleans Civil District Court] shall order the case dismissed with prejudice." Apparently, because the July 11, 2018 judgment was signed after June 18, 2018, pursuant to a motion to transfer filed by Gibbs, the Orleans Civil District Court ordered that "this entire matter be transferred to the 19th Judicial District Court" on August 22, 2018.

3

trial court's ruling on peremption raises a legal question, which we review de novo to determine if the trial court was legally correct. *J.D. Fields & Co., Inc. v. Nottingham Constr. Co., LLC*, 2017-1220 (La. App. 1st Cir. 4/13/18), 250 So.3d 298, 301. And in reviewing a grant of summary judgment, appellate courts review evidence de novo using the same criteria that governed the trial court's determination. *Georgia-Pac. Consumer Operations, LLC v. City of Baton Rouge*, 2017-1553 (La. App. 1st Cir. 7/18/18), 255 So.3d 16, 22, writ denied, 2018-1397 (La. 12/3/18), 257 So.3d 194. Because for purpose of this appeal the parties do not disagree with any of the salient facts as established by the evidence, our review of the trial court's grant of summary judgment presents only a question of whether Gibbs sustained his burden of proving entitlement to summary judgment as a matter of law. See La. C.C.P. art. 966A(3) ("[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."). Thus, we review the appealed judgment de novo to ascertain whether the 19th Judicial District Court correctly determined that Gibbs and Talley were entitled to dismissal from Jarreau's legal malpractice suit because it was not timely filed in a proper venue.

According to La. R.S. 9:5605A:

> No action for damages against any attorney at law duly admitted to practice in this state ... to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought **unless filed in a court of** competent jurisdiction and **proper venue** within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect. [Emphasis added.]

4

Preliminarily, we note that as a transferee court tasked with determining whether the case is perempted, the 19th Judicial District Court was required to consider anew whether Jarreau's legal malpractice cause of action was timely filed in a court of proper venue, because the "law of the case doctrine" is inapplicable when a legal malpractice claim has been transferred pursuant to an order by a transferor court that sustained an exception of improper venue. Thus, the Orleans Civil District Court's ruling on the venue issue was properly presented as evidence rather than a conclusion of law, and the 19th Judicial District Court correctly undertook an independent determination of the propriety of venue for purposes of deciding whether the legal malpractice cause of action was perempted under La. R.S. 9:5605. See *Land v. Vidrine*, 2010-1342 (La. 3/15/11), 62 So.3d 36, 42.

Plaintiffs may choose any venue available under the Code of Civil Procedure or any other supplementary venue provided by law that fits the particular circumstances of their claims. *Cacamo v. Liberty Mut. Fire Ins. Co.*, 99-3479 (La. 6/30/00), 764 So.2d 41, 44. According to Article 41 of the Code of Civil Procedure, venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. Although a suit must generally be filed in the parish where a defendant is domiciled under Article 42, Articles 71 through 85 provide optional venue alternatives that supplement the general rule. *Jordan v. Central Louisiana Electric Co., Inc.*, 95-1270 (La. 6/23/95), 656 So.2d 988, 989 (relying on *Kellis v. Farber*, 523 So.2d 843 (La. 1988)). At issue in this case are the alternative venue provisions of Article 74, which provide in part, "An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained."

5

The following is established by the evidence and the pleadings.[3] The elevator suit was instituted by a petition filed on July 28, 2009, in Orleans Civil District Court signed by Gibbs atop a heading naming both Gibbs and Talley as counsel for Jarreau and setting forth a Baton Rouge address and a telephone number. The petition identified Sheraton, its alleged insurer, and Westinghouse Elevator Company as defendants. Answers to interrogatories and responses to requests for production and admission were signed by Gibbs above a heading which again identified Gibbs and Talley as the attorneys submitting the discovery responses at the same Baton Rouge address with the same phone number set forth in the petition. Gibbs certified that the responses had been mailed to Sheraton and its insurer on March 22, 2010.

The "FIRST SUPPLEMENTAL AND AMENDING PETITION," filed in Orleans Civil District Court on September 4, 2012, was also signed by Gibbs above a heading identifying both Gibbs and Talley as counsel for Jarreau, again noting the same Baton Rouge address and telephone number.[4] This pleading added Schindler Elevator as a defendant.

On February 21, 2014, Jarreau dismissed Gibbs and Talley as her attorneys, directing that her file be sent to her present counsel. According to Jarreau's malpractice petition, Sheraton was dismissed from the elevator suit by summary judgment although the record is devoid of any evidence establishing the date of that dismissal. On April 10, 2015, a hearing was held on Schindler Elevator's peremptory exception of prescription as a result of which Schindler Elevator was

---

[3] In her opposition to the exception of peremption and motion for summary judgment to which Gibbs attached two affidavits, Jarreau attached the original petition, the supplemental and amending petition, discovery responses, and a judgment from the elevator suit. Neither party challenged the propriety of the other's evidentiary offering. Moreover, all the attachments were admitted into evidence at the hearing.

[4] For purposes of this review, September 4, 2012 is the date that the supplemental and amending petition was filed in accordance with the allegations in Jarreau's legal malpractice suit since the record contains no evidence establishing a different date of filing.

dismissed from the elevator suit in a judgment signed on April 30, 2015. In this legal malpractice claim filed on April 15, 2015, Jarreau averred that the dismissal of Sheraton predated the dismissal of Schindler Elevator.

Gibbs and Talley drafted and prepared the petition for damages in the elevator suit at their office located in Baton Rouge. Jarreau signed the affidavit verifying the correctness of the petition in the elevator suit at Gibbs's law office. The petition was mailed from Gibbs's Baton Rouge office. The amended petition was prepared by Gibbs and Talley at their Baton Rouge office and mailed from Gibbs's Baton Rouge office. The work by Gibbs and Talley on behalf of Jarreau in the elevator suit was performed in East Baton Rouge Parish, including the preparation of pleadings, discovery, and conferences with Jarreau. Neither Gibbs nor Talley ever appeared in court at any time in connection with the elevator suit. Specifically, neither attorney appeared to oppose the motion for summary judgment filed by Sheraton or Schindler Elevator's peremptory exception of prescription, both of which were conducted subsequent to Jarreau's dismissal of Gibbs and Talley.

In dismissing Jarreau's claim, the 19th Judicial District Court judge stated:

> Certainly, the damages to [Jarreau] occurred when the suit was dismissed, but the malpractice that was committed, if it was done, if the alleged malpractice on the part of [Gibbs] was in not timely suing the proper defendant, and if he didn't sue the proper defendant either when he drafted the original pleadings, or he didn't do the proper investigation to determine the proper defendant, that occurred … in his office.

Thus, the 19th Judicial District Court expressly concluded that Jarreau's legal malpractice suit, originally filed in Orleans Parish on April 15, 2015, was untimely because Orleans Parish was an improper venue. To have dismissed Jarreau's malpractice suit as perempted, the 19th Judicial District Court must have implicitly found that the latest date that Jarreau discovered, or should have discovered,

7

Gibbs's and/or Talley's failure to file a claim against Schindler Elevator in the elevator suit was April 10, 2015, the date of the prescription hearing. And because her legal malpractice suit was not transferred to East Baton Rouge Parish until after the Orleans Civil District Court's order of August 22, 2018, the 19th Judicial District Court implicitly concluded that Jarreau's legal malpractice claim was first brought in a proper venue beyond three years from April 10, 2015, the latest date she discovered, or should have discovered, that Gibbs and/or Talley failed to file the claim against Schindler Elevator.[5]

Jarreau asserts that since the legal malpractice was an omission by Gibbs and/or Talley to timely file a pleading in Orleans Civil District Court asserting a claim against Schindler Elevator as a defendant in the elevator litigation, Orleans Parish was a proper venue for the filing of the legal malpractice claim because it was the parish where the wrongful conduct occurred. She also contends that Orleans Parish is a proper venue under Article 74 as the parish where her damages were sustained since she lost her cause of action in Orleans Parish when Orleans Civil District Court dismissed the elevator suit.

In *Chambers v. LeBlanc*, 598 So.2d 337 (La. 1992), the plaintiff filed a legal malpractice action in Livingston Parish, his domicile, against an attorney who was domiciled in Iberville Parish and practiced in Ascension Parish, for failure to timely file a suit in East Baton Rouge Parish. The trial court overruled the

---

[5] Although in his memorandum in support of dismissal of the legal malpractice suit as perempted Gibbs stated Jarreau's claims were untimely under all three periods provided for in La. R.S. 9:5605 and asserted that "the three-year period to file suit arguably commenced … when suit was not filed timely against Schindler [Elevator] in 2009," ultimately he relied on April 10, 2015, the date of the hearing on Schindler Elevator's exception of prescription, as the basis for commencement of the accrual of the peremptive period under La. R.S. 9:5605. Based on the allegations of the pleadings and the evidence in the record, April 10, 2015 is the only date that peremption could have commenced because the record is devoid of any evidence establishing that Jarreau knew or should have on any date prior to the hearing on Schindler Elevator's exception of prescription of the failure of Gibbs and Talley to sue Schindler Elevator in the elevator suit. Thus, based on the showing made, no other peremptive period was before the 19th Judicial District Court when it ruled in this matter.

defendant's exception of improper venue. The supreme court had to resolve the question of where damages were sustained for purposes of applying Article 74. The court held that when damage is sustained in the parish where the wrongful conduct occurred, that parish is the parish of proper venue under Article 74, even if the plaintiff is in the parish of his domicile at the time the wrongful conduct occurred or even if the damage progresses in the parish of the plaintiff's domicile. The court concluded that the wrongful conduct occurred either in Ascension Parish (where the attorney practiced) or in East Baton Rouge Parish (where the attorney failed to file suit) but clearly not in Livingston Parish (where the plaintiff was domiciled). Although not expressly stated, the court, by implication, must also have concluded that Livingston Parish was not a parish where damages were sustained. Thus, Livingston Parish was not a parish of proper venue under Article 74, and the exception of improper venue was sustained. Howard W. L'Enfant, *Louisiana Civil Procedure*, 53 La. L. Rev. 863, 871-72 (1993); *Chambers*, 598 So.2d at 337-38.

*Chambers* is not determinative as to where the wrongful conduct occurred. The opinion indicates that the wrongful conduct occurred either in the parish of the attorney's practice or the parish of the underlying litigation and remands for transfer to "a" parish of proper venue. Venue may be proper in more than one parish, and the choice of a proper venue belongs to the plaintiff. *Chumley v. White*, 46,479 (La. App. 2d Cir. 11/9/11), 80 So.3d 39, 44, writ denied, 2011-2741 (La. 2/17/12), 82 So.3d 288 (citing *Cacamo*, 764 So.2d at 44).[6]

*Chambers* does not preclude Orleans Parish as a proper venue for this matter. Under *Chambers*, although venue could be proper in East Baton Rouge

---

[6] See also *Revolta v. Reg'l Transit Auth.*, 607 So.2d 963, 965 (La. App. 4th Cir. 1992), writ not considered, 612 So.2d 46 (La. 1993) (pointing to La. C.C.P. art. 42, the court notes the general rules of venue uses "a" to indicate that more than one parish may be proper for venue, but uses "the" to indicate that only one parish is proper for venue).

Parish where Gibbs's and Talley's law office is located, i.e., where the alleged wrongful conduct by either or both attorneys occurred in the performance of, or the failure to perform, legal work in the representation of Jarreau in the elevator suit, venue could also be proper in Orleans Parish as the parish which Jarreau alleges was the site of the occurrence of the wrongful conduct, i.e., the omission of the timely filing of a pleading asserting a claim against Schindler Elevator as a defendant and requesting service on Schindler Elevator in the elevator suit. See *Johnson v. Tschirn*, 94-0085 (La. App. 4th Cir. 2/25/94), 635 So.2d 254, writ denied, 94-1543 (La. 9/23/94), 642 So.2d 1300 (alleged wrongful conduct -- the failure to file documents -- occurred in parish where the underlying action was pending rather than the parish where the attorney's office was located). See also *Brown v. Torres*, 617 So.2d 77, 79, (La. App. 4th Cir. 1993) (in a legal malpractice action against attorneys for failure to file a claim against a defendant, venue was proper in the parish where the action was pending since it was the parish where "the wrongful conduct occurred or ... damages were sustained). Cf. *Belwise Aquaculture Systems, Inc. v. Lemke*, 2005-69 (La. App. 3d Cir. 6/1/05), 904 So.2d 940, 943, writ denied, 2005-1735 (La. 1/27/06), 922 So.2d 547 (where an attorney did not include all claims in the lawsuit, venue was proper in the parish he drafted the petition rather than in the parish where the plaintiffs resided and to where damages migrated); *Clarendon Nat'l Ins. Co. v. Carter*, 39,622 (La. App. 2d Cir. 5/11/05), 902 So.2d 1142, 1146, writ denied, 2005-1567 (La. 1/27/06), 922 So.2d 544 (where two attorneys were alleged to have failed to plead third-party fault as an affirmative defense, venue was proper in the parish of the attorney's law office where the pleading asserting the defense was drafted as the parish where the wrongful conduct occurred rather than the parish of the office of the other attorney sued); *Frisard v. State Farm Fire and Cas. Co.*, 2002-987 (La. App. 5th Cir.

1/28/03), 837 So.2d 706, writ denied, 2003-0969 (La. 5/16/03), 843 So.2d 1138 (in a lawsuit in which the plaintiff's insurer chose his counsel, attorneys' alleged failures to properly defend consisted mostly of actions in the parish of the attorneys' office; sole allegation of the attorneys' failure to file pleadings was insufficient to establish that the attorneys' alleged wrongful conduct occurred in parish where the lawsuit was pending).[7]

Importantly, however, under the facts developed in this case, Orleans Parish is a proper venue as the parish where Jarreau's legal malpractice damages were sustained when the elevator lawsuit was dismissed. See *Chambers*, 598 So.2d at 338.[8] Unlike the plaintiff in *Chambers* who sued in the parish of his domicile, Jarreau, a Pointe Coupee Parish domiciliary, sued in Orleans Parish, the parish where she sustained damages when she lost her claim against Schindler Elevator. Since venue is proper in both parishes, see *Chumley*, 80 So.3d at 44, then the choice of where to file the legal malpractice suit belongs to Jarreau. *Cacamo*, 764 So.2d at 44.

Because Orleans Parish was a proper venue under Article 74, the 19th Judicial District Court erred in concluding that Jarreau's legal malpractice suit,

---

[7] The 19th Judicial District Court's observation that Jarreau was "arguing against jurisprudence" overlooks that this court has not considered this issue before.

[8] Mindful that La. C.C.P. art. 74 uses "the parish" to indicate where the wrongful conduct occurred as a proper venue, even if the 19th Judicial District Court correctly concluded the wrongful conduct occurred in East Baton Rouge Parish as the location of the office of Gibbs and Talley where the pleading was not drafted and ostensibly the claim was not investigated, Orleans Parish would nevertheless be a proper venue as "the" parish where the damages were sustained. See n.6, supra.

instituted on April 15, 2015, was not filed in a court of proper venue.[9] Therefore, the 19th Judicial District Court erred in sustaining the exception of peremption and/or granting the motion for summary judgment. In reaching this conclusion, we limit our holding to whether the malpractice suit was perempted as a result of the transfer order issued by the Orleans Civil District Court on August 22, 2018 as asserted by Gibbs in his exception of peremption and motion for summary judgment and do not express any opinion as to the timeliness of Jarreau's malpractice claims insofar as any other applicable time periods in La. R.S. 9:5605A, which were not before the 19th Judicial District Court at the time of its ruling. Accordingly, the 19th Judicial District Court's judgment, dismissing Jarreau's legal malpractice suit, is reversed.

## DECREE

For these reasons, the judgment of the 19th Judicial District Court is reversed. Appeal costs are assessed against defendant-appellee, Thomas E. Gibbs.

**REVERSED.**

---

[9] The fourth circuit's writ denial of the May 31, 2018 judgment does not necessarily conflict with our holding. Since Jarreau's domicile is Pointe Coupee Parish, Gibbs and Talley are domiciled in East Baton Rouge Parish, and evidence regarding the attorneys' knowledge and decisions is located in East Baton Rouge Parish, the fourth circuit may have pretermitted review of the Orleans Civil District Court's determination on the exception of improper venue finding no abuse of discretion on its forum non conveniens conclusion. See *Holland v. Lincoln Gen. Hosp.*, 2010-0038 (La. 10/19/10), 48 So.3d 1050, 1051 (where venue is disputed, but one forum is clearly more convenient, and the transferee court is a court of competent jurisdiction and proper venue, a court may rule first on a forum non conveniens motion); *Alost v. Lawler*, 2018-1271 (La. App. 1st Cir. 5/8/19), 277 So.3d 329, 334 (a trial court's dismissal for forum non conveniens is reviewed by a court of appeal for an abuse of discretion).