## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2019 CW 1702

### ROSE GANT

### VERSUS

### CNA INSURANCE COMPANY, PHILIP A. SPENCE, L.L.C. & PHILIP A. SPENCE

*DATE OF JUDGMENT:* NOV 2 4 2020

ON APPEAL FROM THE SIXTEENTH JUDICIAL DISTRICT COURT
NUMBER 133501, DIVISION B, PARISH OF ST. MARY
STATE OF LOUISIANA

HONORABLE SUZANNE DeMAHY, JUDGE

* * * * * *

| | |
|---|---|
| Joseph S. Piacun<br>Reid S. Uzee<br>Metairie, Louisiana | Counsel for Plaintiff-Appellant<br>Rose Gant |
| Gus A. Fritchie, III<br>McDonald G. Provosty<br>New Orleans, Louisiana | Counsel for Defendants-Appellees<br>Philip A. Spence, L.L.C., Philip A.<br>Spence, and Continental Casualty<br>Company |

* * * * * *

BEFORE: GUIDRY, WELCH, AND CHUTZ, JJ.

Disposition: APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT; WRIT GRANTED; JUDGMENT REVERSED; AND REMANDED.

**CHUTZ, J.**

Plaintiff-appellant, Rose Gant, appeals the trial court's judgment, sustaining a declinatory exception of improper venue and transferring her legal malpractice case to Terrebonne Parish, where defendants-appellees, Phillip A. Spence, L.L.C. and Phillip A. Spence (collectively Spence), are domiciled. We convert the appeal to an application for a supervisory writ, grant the writ, reverse the judgment, and remand the matter to the 16th Judicial District Court in St. Mary Parish.

## FACTUAL AND PROCEDURAL BACKGROUND

Gant retained Spence to represent her in a medical malpractice claim arising out of the alleged negligent care and treatment of her mother, Dorothy McGuire. According to Gant, as a result of the medical providers' negligence, McGuire died.

On May 14, 2015, Spence submitted a request for review of a claim of medical malpractice with the Commissioner of Administration, Medical Review Panel Office, in Baton Rouge, averring that after McGuire convulsed at Gant's home subsequent to a surgical procedure, Nursing Care of Morgan City (Nursing Care) was providing home health nursing care to McGuire. On May 27, 2014, McGuire was under the care of "Emily," a home health nurse employed by Nursing Care and/or Health Care Group, Inc. As she assisted McGuire while walking outside, Emily unexpectedly left McGuire unattended, ostensibly to "retrieve something" from the residence. Lacking assistance and stability from Emily, McGuire fell and injured her "hip and body, requiring further surgery." Spence alleged that Emily, Nursing Care and/or Health Care Group negligently performed their duties, causing McGuire's injuries.

In a letter to Spence, dated May 21, 2015, the Medical Malpractice Compliance Director for the Louisiana Patients Compensation Fund (PCF) acknowledged receipt of his May 14, 2015 request for a medical review panel

2

(MRP) for McGuire and indicated that "LHC Group, Inc. – Illinois Union" and "Nursing Care (Branch of LHCG-VI, LLC dba Franklin Homecare) – Illinois Union" were reported as qualified for acts of medical malpractice under the Louisiana Medical Malpractice Act (MMA).[1] The director requested that Spence provide the complete name of "Emily" to determine her qualification under the MMA. Lastly, the director noted that a filing fee of $100 per qualified defendant had to be received by the PCF within 45 days "without exception" and requested remittance of full payment of the filing fee, noting that "[f]ailure to comply shall render the request [for a MRP for McGuire] invalid and without effect and the request shall not suspend the time within which suit must be instituted."[2]

On July 7, 2015, the Medical Malpractice Compliance Director sent a letter to Spence notifying the attorney that due to the failure to provide the complete name of "Emily," the request for a MRP relative to McGuire's claims against Emily was invalid. By letter dated September 5, 2017, the director advised Spence that the entire panel was "dissolved/dismissed/closed."

Nursing Care filed a petition in the 16th Judicial District Court, St. Mary Parish, on June 10, 2016, requesting to have a suit number assigned to McGuire's claim of medical negligence for discovery purposes. On October 5, 2016, Nursing Care, along with LHC Group, Inc., filed a peremptory exception raising the objection of prescription, contending that 45 days had passed since Spence was notified by the Medical Malpractice Compliance Director that the request for a MRP was invalid and without effect. Because more than a year had passed since the alleged malpractice or the date of discovery of the alleged malpractice, the

---

[1] See La. R.S. 40:1231.1-1231.10 (redesignated from La. R.S. 40:1299.41-1299.49 by La. H.C.R. No. 84 of the Regular Session of 2015) setting forth the Louisiana Medical Malpractice Act.

[2] See La. R.S. 40:1231.8(A)(1)(c) (redesignated from La. R.S. 40:1299.47(A)(1)(c) by La. H.C.R. No. 84 of the Regular Session of 2015).

3

healthcare defendants urged that McGuire's claim was prescribed.[3] The medical malpractice trial court agreed, sustaining the exception of prescription and dismissing the "entire matter" with prejudice. The judgment signed on March 13, 2017, expressly stated that Gant, on behalf of McGuire through her attorney Spence, "was provided with timely notice of the hearing date and the exception" and that "[n]o opposition was filed and no appearance was made."

On March 12, 2019, Gant filed this legal malpractice lawsuit in the 16th Judicial District Court, St. Mary Parish, naming as defendants Spence and Continental Casualty Company (Continental),[4] the professional liability insurer of Spence. Spence and Continental filed a declinatory exception raising the objection of improper venue, urging that venue was proper in Terrebonne Parish, Spence's domicile. After a hearing on September 25, 2019, at which evidence was adduced, the trial court sustained the exception and ordered the matter transferred to Terrebonne Parish.[5] The trial court signed a judgment on October 10, 2019, and notice of judgment issued on October 17, 2019. Gant appeals.

**APPELLATE REVIEW**

Under Louisiana law, a final judgment is one which determines the merits of

---

[3] See La. R.S. 9:5628 (providing the time in which actions for medical malpractice may be asserted).

[4] It is undisputed that Continental was erroneously identified as CNA Insurance Company in Gant's petition.

[5] Gant filed a "mirror petition" in Terrebonne Parish on September 11, 2019, which is identical to the petition filed in St. Mary Parish. In its order transferring the matter, the trial court also ordered consolidation of the two suits in Terrebonne Parish.

a controversy, in whole or in part. La. C.C.P. art. 1841. A venue ruling which transfers the matter to another venue is an interlocutory judgment. See *Land v. Vidrine*, 2010-1342 (La. 3/15/11), 62 So.3d 36, 39. In order to obtain review of such a ruling, a party adversely affected thereby must immediately apply for supervisory relief. *Id.*, 62 So.3d at 40-41. The party may not await the rendition of a final judgment which adjudicates all issues as to all parties and then request appellate review as is otherwise available with respect to other interlocutory rulings. See La. C.C.P. art. 1915B(2); *Blow v. OneBeacon Am. Ins. Co.*, 2016-0301 (La. App. 4th Cir. 4/20/16), 193 So.3d 244, 247, writ denied, 2016-0954 (La. 9/6/16), 204 So.3d 1002.

Gant appealed the trial court's October 10, 2019 judgment, sustaining the exception of improper venue and transferring the matter to Terrebonne Parish, on November 14, 2019. Because the appeal was filed within the delays for taking supervisory writs, we elect to exercise our supervisory jurisdiction and convert the appeal to an application for supervisory writs of review. See La. Const. art. V, § 10A; URCA Rule 4-3; *Stelluto v. Stelluto*, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39; *Elee v. White*, 2019-1633 (La. App. 1st Cir. 7/24/20), --- So.3d ----, ----. We now turn to the merits of the writ application.

## VENUE

Venue is a question of law, which is reviewed de novo by the appellate court. *MB Indus., LLC v. CNA Ins. Co.*, 2006-1084 (La. App. 1st Cir. 3/23/07), 960 So.2d 144, 146, writ denied, 2007-1186 (La. 9/21/07), 964 So.2d 335, and writ denied, 2007-1191 (La. 9/21/07), 964 So.2d 337, and writ denied, 2007-1217 (La. 9/21/07), 964 So.2d 340.

The general rules for proper venue as to the defendant are found in La. C.C.P. art. 42. Subsection (1) of Article 42 provides that an action against an

5

individual who is domiciled in the state shall be brought in the parish of his domicile. And Subsection (2) provides that an action against a domestic limited liability company shall be brought in the parish where its registered office is located. The parties do not dispute that Terrebonne Parish is the proper venue as to legal actions against Spence under Article 42.

A plaintiff may choose any venue available under the Code of Civil Procedure or any other supplementary venue provided by law that fits the particular circumstances of their claims. *Cacamo v. Liberty Mut. Fire Ins. Co.*, 99-3479 (La. 6/30/00), 764 So.2d 41, 44. According to Article 41 of the Code of Civil Procedure, venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. Thus, while a suit must generally be filed in the parish where a defendant is domiciled under Article 42, the provisions of Articles 71 through 85 provide optional venue alternatives that supplement the general rule. *Jordan v. Central Louisiana Electric Co., Inc.*, 95-1270 (La. 6/23/95), 656 So.2d 988, 989 (relying on *Kellis v. Farber*, 523 So.2d 843 (La. 1988)). At issue in this case are the alternative venue provisions of Article 74, which provide in part, "An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained."

Spence maintained, and the trial court agreed, that St. Mary was not a proper venue under Article 74. Spence reasoned that all the legal work undertaken on behalf of Gant and/or McGuire was done in the Parish of Terrebonne and that "*[t]he facts actually show that no work was done by Spence in the Parish of St. Mary.*" Therefore, according to Spence, venue was improper in St. Mary Parish where Gant filed the legal malpractice lawsuit.

6

Gant asserts that in the medical malpractice action for which Spence was retained, all the parties and healthcare providers were located in St. Mary Parish and every act of alleged medical malpractice occurred in St. Mary Parish. The alleged legal malpractice committed by Spence consisted of failing to (1) file the medical malpractice lawsuit; (2) appear at the hearing on the exception of prescription asserted by the medical malpractice defendants; and (3) oppose the exception of prescription in the medical malpractice lawsuit, all of which occurred in St. Mary Parish. Thus, Gant contends that under Article 74, St. Mary Parish is the parish where the wrongful conduct occurred.

Recently, in *Jarreau v. Gibbs*, 2019-1313 (La. App. 1st Cir. 6/12/20), --- So.3d ---, ---, 2020 WL 3108698, at *1, this court examined whether venue under Article 74 was proper in Orleans Parish in a legal malpractice lawsuit. According to the allegations of Jarreau's petition, she had retained attorney defendants' legal services in connection with a claim for damages she allegedly suffered in a hotel in New Orleans. In filing her petition for legal malpractice in Orleans Parish, Jarreau averred that the attorneys had failed to timely assert a claim against a defendant. After that defendant was dismissed from the hotel lawsuit on an exception of prescription, Jarreau alleged the attorneys were liable to her as a result of their legal malpractice. The Orleans Parish trial court in the legal malpractice lawsuit sustained exceptions of improper venue asserted by the attorneys and ordered the transfer of the legal malpractice claim to East Baton Rouge Parish where the attorneys' office was located.

Reviewing the East Baton Rouge Parish trial court's ruling on a peremptory exception of prescription raised after the transfer, we included a discussion of the propriety of the Orleans Parish trial court's venue determination. See *Jarreau*, ---

7

So.3d at ---, 2020 WL 3108698, at *2.[6] We reviewed *Chambers v. LeBlanc*, 598 So.2d 337 (La. 1992), stating that:

> [Therein], the plaintiff filed a legal malpractice action in Livingston Parish, his domicile, against an attorney who was domiciled in Iberville Parish and practiced in Ascension Parish, for failure to timely file a suit in East Baton Rouge Parish. The trial court overruled the defendant's exception of improper venue. The supreme court had to resolve the question of where damages were sustained for purposes of applying Article 74. The court held that when damage is sustained in the parish where the wrongful conduct occurred, that parish is the parish of proper venue under Article 74, even if the plaintiff is in the parish of his domicile at the time the wrongful conduct occurred or even if the damage progresses in the parish of the plaintiff's domicile. The court concluded that the wrongful conduct occurred either in Ascension Parish (where the attorney practiced) or in East Baton Rouge Parish (where the attorney failed to file suit) but clearly not in Livingston Parish (where the plaintiff was domiciled). Although not expressly stated, the court, by implication, must also have concluded that Livingston Parish was not a parish where damages were sustained. Thus, Livingston Parish was not a parish of proper venue under Article 74, and the exception of improper venue was sustained. Howard W. L'Enfant, *Louisiana Civil Procedure*, 53 La. L. Rev. 863, 871-72 (1993); *Chambers*, 598 So.2d at 337-38.
>
> *Chambers* is not determinative as to where the wrongful conduct occurred. The opinion indicates that the wrongful conduct occurred either in the parish of the attorney's practice or the parish of the underlying litigation and remands for transfer to "a" parish of proper venue.[7] Venue may be proper in more than one parish, and the choice of a proper venue belongs to the plaintiff. *Chumley v. White*, 46,479 (La. App. 2d Cir. 11/9/11), 80 So.3d 39, 44, writ denied, 2011-2741 (La. 2/17/12), 82 So.3d 288 (citing *Cacamo*, 764 So.2d at 44).

*Jarreau*, --- So.3d at ---, 2020 WL 3108698, at *5

Thus, in *Jarreau* we held that venue may have been proper in East Baton Rouge Parish where the attorneys' law office was located, i.e., where the wrongful conduct occurred when the attorneys allegedly deficiently performed the legal

---

[6] See La. R.S. 9:5605A (providing for the time in which actions for legal malpractice may be asserted and requiring they must be filed in a court of proper venue). See also *Land*, 62 So.3d at 42 (explaining that a transferee court tasked with determining whether the case is perempted is required to consider anew whether a legal malpractice cause of action was filed in a court of proper venue).

[7] See *Revolta v. Reg'l Transit Auth.*, 607 So.2d 963, 965 (La. App. 4th Cir. 1992), writ not considered, 612 So.2d 46 (La. 1993) (pointing to La. C.C.P. art. 42, the court notes the general rules of venue uses "a" to indicate that more than one parish may be proper for venue, but uses "the" to indicate that only one parish is proper for venue).

work of drafting pleadings that failed to name the defendant in the hotel suit. But venue was also proper in Orleans Parish, i.e., where the alleged wrongful conduct occurred by the attorneys' omission of failing to file a lawsuit that named and requested service on the defendant. And because venue was proper in both parishes, the choice of where to file the legal malpractice suit belonged to the plaintiff. *Jarreau*, --- So.3d at ---, 2020 WL 3108698, at *5.

Similarly, in the matter presently before us, we also conclude that St. Mary Parish is a proper venue under Article 74. The evidence established that Spence allegedly committed wrongful conduct in his law office in Terrebonne Parish when the medical review panel, initiated by Spence on behalf of McGuire, was "dissolved/dismissed/closed" as noted in the September 5, 2017 letter from the Medical Malpractice Compliance Director. Spence also allegedly committed wrongful conduct by his omissions in St. Mary Parish, i.e., failing to timely assert a claim against the medical malpractice defendants as well as failing to appear at the hearing of or file an opposition to the exception of prescription raised by the medical malpractice defendants. As such, the choice of where to file the legal malpractice lawsuit was Gant's. See *Cacamo*, 764 So.2d at 44.[8] Accordingly, the trial court erred in finding that St. Mary Parish was an improper venue and ordering the transfer of Gant's legal malpractice claims to Terrebonne Parish.

### DECREE

For these reasons, the appeal is converted to an application for a supervisory writ. The writ is granted and the trial court's judgment, sustaining the exception of improper venue and transferring Gant's legal malpractice lawsuit to Terrebonne

---

[8] Additionally, in *Jarreau* we noted that the parish where plaintiff's underlying lawsuit was dismissed -- Orleans Parish -- was a proper venue as the parish where plaintiff's legal malpractice damages were sustained. *Jarreau.*, --- So.3d at --- n.8, 2020 WL 3108698, at *6 n.8. Likewise here, St. Mary Parish is a proper venue as the parish where Gant's legal malpractice damages were sustained when the medical malpractice lawsuit was dismissed.

Parish, is reversed. The matter is remanded to the 16th Judicial District Court, St. Mary Parish, for further proceedings. Appeal costs are assessed against defendants-appellees, Phillip A. Spence, L.L.C., Phillip A. Spence, and Continental Casualty Company.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT; WRIT GRANTED; JUDGMENT REVERSED; AND REMANDED.**