# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

ETHAN A. MILLER

VERSUS

KEVIN B. DICE

NO.   2021 CW 0056

**MAY 28, 2021**

---

In Re:     Kevin B. Dice, applying for supervisory writs, 17th Judicial District Court, Parish of Lafourche, No. 140908.

---

**BEFORE:    WHIPPLE, C.J., McCLENDON, WELCH, CHUTZ AND LANIER, JJ.**

**WRIT GRANTED.**   The district court's October 5, 2020 judgment on "Kevin B. Dice's Declinatory Exception of Improper Venue" is hereby reversed.   An action for the recovery of damages for an offense or quasi-offense may be brought in the parish where the wrongful conduct occurred or in the parish where the damages were sustained.  La. Code Civ. P. art. 74.   In cases in which damage is caused to the plaintiff in the parish where the wrongful conduct occurred, that parish is the parish of proper venue under Article 74.  **Chambers v. LeBlanc,** 598 So.2d 337 (La. 1992) (per curiam); **Belser v. St. Paul Fire & Marine Ins. Co.,** 509 So.2d 12, 18-19 (La. App. 1st Cir. 1987). Herein, the evidence presented at the trial on the exception established that Texas is where the wrongful conduct occurred and where the damage to Plaintiff's reputation was sustained. The petition does not establish any other basis for venue in Lafourche Parish or any other parish in Louisiana.   Accordingly, "Kevin B. Dice's Declinatory Exception of Improper Venue" is granted, and the petition for damages filed by Plaintiff, Ethan A. Miller, is dismissed without prejudice.

**PMc**
**JEW**
**WRC**
**WIL**

**Whipple, C.J.,** dissents and would deny the writ application.  Pursuant to La. Code Civ. P. art. 74, an action for the recovery of damages for an offense or quasi-offense may be brought in the parish where the wrongful conduct occurred or in the parish where the damages were sustained.  The majority correctly acknowledges that in cases in which damage is caused to the plaintiff in the same parish where the wrongful conduct occurred, courts have declared that parish is the parish of proper venue under La. Code Civ. P. art. 74. Accordingly, I respectfully disagree with the majority's finding that Lafourche Parish is not a proper venue.   Plaintiff successfully demonstrated at the trial on the exception of improper venue that the damage to his reputation was sustained in Lafourche Parish.  Thus, I respectfully dissent. As the trial court correctly found, venue was proper in Lafourche Parish as the parish where Plaintiff's damages were sustained pursuant to La. Code Civ. P. art. 74.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT